J. D. PARR, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 17754.

Court of Civil Appeals of Texas,
Fort Worth.

April 16, 1976.

Sewell & Forbis and James E. Forbis,
Decatur, for appellant.

Jack E. Shriver, County Atty., Wise
County, Decatur, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from summary judgment
suspending Texas Commercial Operator's
License and driving privileges for a period
of twelve months.

We reverse the judgment and remand the
cause.

On or about April 21, 1975, J. D. Parr was
involved in a one vehicle collision in Wise
County, Texas. He was injured. He was
still at the scene and still in his automobile
when the Police Officer, McFerrin, arrived.
McFerrin inquired as to who had been driv-
ing the vehicle in question and Parr stated

that he was such party. McFerrin was of the opinion that Parr was under the influence of intoxicating liquor. Parr was removed from the scene by ambulance. Initially he was transported to the Community Hospital in Decatur, and shortly thereafter was removed to the Veteran's Hospital at Dallas.

The Department of Public Safety, by administrative hearing procedure under the provisions of two separate Articles, suspended Parr's license. The Articles were V.A.T.S. Art. 6687b, "Driver's, chauffeur's, and commercial operator's licenses; accident reports", with Art. IV thereunder, "CANCELLATION, SUSPENSION, AND REVOCATION OF LICENSES", and also V.A.T.S. 6701*l*—5, "Chemical tests for intoxication; implied consent; evidence".

From such order of the Department Parr filed his appeal in the County Court of Wise County on October 6, 1975. On or about November 7, 1975 the Texas Department of Public Safety moved for summary judgment in suspension of Parr's license. Officer McFerrin's sworn statement, as a record of report on file with the Department of Public Safety, was appended in support of the Department's motion for summary judgment. The same statement was likewise appended as a record of report on file with the County Attorney of Wise County. It was the Department's only evidence.

McFerrin states, insofar as material, only as follows: "I arrested J. D. Parr" and "Parr was arrested . . . and read his rights . . .." Also: "Parr was transported to Decatur Clinic Hospital where he was found to have a cracked ankle. While at the hospital Parr refused to take a breath test, blood test, or urine test and refused to answer any questions." Nothing in the McFerrin affidavit related to restraint imposed upon Parr at any time, nor was anything stated relative to Parr having been placed in the charge or custody of anyone.

■ Imposition of restraint, placement in custody with accompanying control and/or detention, and the like is necessary to official arrest of anyone by an agent of the State. Mere words stated to one of the fact of arrest, without more, is insufficient. See 6 Tex.Jur.2d, p. 138, "Arrest", Sec. 1, "In general; What constitutes an arrest".

■ Affidavits consisting of mere conclusions of law or of fact, without supporting evidence, are insufficient to support a summary judgment. 4 McDonald's Texas Civil Practice, 1971 Revision, p. 147, "Judgments", Sec. 17.26.5, "(Summary Judgment. —C. Procedure) _____(b) Form." To us it appears that to decide Parr was ever under arrest would require the drawing of a conclusion, and that McFerrin's statements relative to an arrest of Parr amounted to no more than his conclusion.

Article 6701*l*—5, above, provides by Sec. 2: "*If a person under arrest refuses,* upon the request of a law enforcement officer, to submit to a chemical breath test designated by the law enforcement officer as provided in Section 1, none shall be given, but the Texas Department of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor and that the person had refused to submit to the breath test upon the request of the law enforcement officer, . . . if, upon such hearing the court finds (1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway while under the influence of intoxicating liquor at the time of the arrest by the officer, (2) that the person was placed under arrest by the officer at such time and before offering the person an opportunity to be tested under the provisions of this Act, and (3) that such person refused to submit . . . the Director of the Texas Department of Public Safety shall suspend the person's license or permit to drive . . . not to exceed one (1) year. . . . ." (Emphasis supplied.)

■ While in the aspect under consideration we believe there was a failure on

the part of the Department to support its summary judgment because to grant it necessarily required conclusions of law or fact by the court below upon evidence amounting to mere conclusions there was, in addition, the controverting affidavit of Parr, which stated (1) he was not placed under arrest following the accident, (2) he was not requested to take the breath test which Officer McFerrin stated that he had refused, and (3) that he never refused to take such a test. Of course Parr additionally stated that he was not intoxicated or under the influence of intoxicating liquor. Aside from the conclusions of law or fact apparent in Parr's own affidavit he did directly swear that there had been no request that he take the test which was the subject of Article 6701*l*—5. Under these circumstances, even if we were not of the opinion that there was insufficiency for support of the summary judgment before concerning ourselves with the counter affidavit, it is furthermore evident, in view of Parr's counter affidavit, that the Department has failed to demonstrate the lack of any genuine issue of fact to be tried. Such is essential to rendition of proper summary judgment. *Womack v. Allstate Insurance Company,* 156 Tex. 467, 296 S.W.2d 233 (1956).

Additional impropriety of the summary judgment is observed when it is noted that the trial court ordered the suspension of Parr's license for a period of one year. The proper period of any suspension of operating privileges is clearly a question of fact which cannot be resolved by summary judgment. The impropriety of the summary judgment is conceded by the Department for this reason. However, counsel seems to say that the Legislature intended to deny right of appeal of suspension of the driving privilege to the appellate courts. If so, the answer is in one of the cases cited by him. Therein it is stated as part of the explanation of the law that there may be appeal to the appellate courts where such a suspension is ordered upon trial de novo in a lesser court. *Williams v. Texas Department of Public Safety,* 371 S.W.2d 747, 749 (Tex.Civ.App., Houston, 1963, no writ history).

Judgment is reversed and the cause remanded for trial.