Joe E. VAUGHN, Appellant,

v.

GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT, Grand Prairie Board of School Trustees, Appellees.

No. 05–88–01536–CV.

Court of Appeals of Texas, Dallas.

Dec. 21, 1989.

Rehearing Denied March 1, 1990.

**476**

Steven J. Williams, Irving, for appellant.

Martha C. Wright, Grand Prairie, for appellees.

Before McCLUNG, KINKEADE and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

This is an appeal from a summary judgment. Appellant, Joe E. Vaughn, brought a breach of contract action against appellees, Grand Prairie Independent School District and Grand Prairie Board of School Trustees. Both appellant and appellees filed motions for summary judgment in the trial court. The trial court granted appellees' motion and denied appellant's. In four points of error appellant contends that the court below erred: (1) in denying appellant's motion for summary judgment and in granting appellees' motion for summary judgment in light of several facts deemed admitted pursuant to Texas Rules of Civil Procedure [1] 169; (2) in considering appellees' late responses to appellant's requests

for admissions because appellees' motion for consideration was untimely; (3) in considering appellees' late responses because appellees' motion for consideration failed to show good cause for late filing; and (4) in granting appellees' motion for summary judgment inasmuch as the contract upon which the motion was based was ambiguous as to time of performance. We reverse and remand.

## FACTUAL BACKGROUND

Appellant's suit is based on a contract for a teaching position in which appellees employed appellant for the 1986–87 school year. The contract required that appellant place on record with the Director of Personnel all certificates, documents, or other credentials required either under the laws of the State of Texas or by the rules, directives, regulations, or policies of the District. Moreover, the contract expressly provided that "these records are due before the opening of school if appropriate and/or before the first payroll check is issued." The contract further recited that failure to place the certificate records on file with the personnel office within the prescribed time period rendered the contract void.

Pursuant to state law, appellant was required to place on record a certificate indicating that he had passed the Texas Examination of Current Administrators and Teachers (TECAT). Appellant failed the TECAT exam twice prior to the beginning of the school year and, therefore, was unable to provide personnel with the required certificate. On appellant's behalf, appellee, Grand Prairie Independent School District, filed a request with the State Board of Education to allow appellant to be employed on emergency need status. This request was denied by the State on September 4, 1986, which was several days after the opening of school. Appellant was notified that he would not be employed for the school year due to his failure to pass the TECAT and to provide appellee with the

---

**1.** All references to rules shall be to the Texas Rules of Civil Procedure, unless otherwise stated.

required certification. The district hired another person to fill the teaching position on September 15, 1986.

Approximately six weeks after the opening of school, appellant informed appellees that he had passed the TECAT and requested that he be placed in the teaching position to which he had been previously assigned. Appellees, having already filled the position with a replacement, declined appellant's request, whereupon appellant brought suit against appellees claiming wrongful discharge in breach of his employment contract.

### REQUIREMENTS OF RULE 169

In his first point of error, appellant contends that the trial court erred in denying his motion for summary judgment and in granting appellees' motion for summary judgment. Appellant's arguments primarily focus on the trial court's treatment of his requests for admissions under rule 169. Appellant assumes that his requests for admissions were properly before the trial court and appellees' failure to timely respond to the requests rendered the facts deemed admitted as a matter of law. His arguments are predicated on those assumptions. We disagree that the requests were ever properly before the trial court and therefore do not reach the merits of appellant's arguments.

■ Requests for admissions, as authorized by rule 169, are written statements concerning the case which are directed to an adverse party and that party is required to admit or deny. Statements which are admitted will be treated by the court as having been established and need not be proved at trial. *See Curry v. Clayton,* 715 S.W.2d 77, 78 (Tex.App.—Dallas 1986, no writ). When properly utilized, rule 169 admissions simplify trials by eliminating facts which are not controverted. *See Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.,* 490 S.W.2d 818, 825 (Tex. 1972).

■ Where one party fails to respond to requests for admissions the matters are deemed admitted as a matter of law and it is not necessary for the trial court to enter a formal ruling to this effect. *See Shaw v. National County Mutual Fire Ins. Co.,* 723 S.W.2d 236, 237 (Tex.App.—Houston [1st Dist.] 1986, no writ). If a party wishes to rely upon deemed admissions as proof in support of a motion for summary judgment, the party must properly place the admissions before the trial court. With regard to summary judgments, rule 166a(c) specifically states that:

> The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

■ On appeal from a summary judgment order, we consider only evidence tendered or admitted at the time of the hearing. *See Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, no writ); *Southwestern Bell Telephone Co. v. Griffith,* 575 S.W.2d 92, 104 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.). Requests for admissions and responses are properly before the court and may be considered as part of the record if they were introduced into evidence or filed with the clerk of the court at the time of trial. *See* rule 166a(c); *see also Welch v. Gammage,* 545 S.W.2d 223, 226 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.). Rule 169(1) expressly provides that "a true copy of a request for admission or of a written answer or objection, together with proof of the service thereof as provided in rule 21a, *shall be filed promptly in the clerk's office by the party making it.*" (Emphasis added). Although rule 169(1) provides only that the requests for admissions be filed

promptly with the clerk of the court, we conclude that the requests must be on file with the court at the time of the hearing of the motion for summary judgment in order for them to be properly before the court and relied upon as summary judgment evidence.

The record reveals that appellant served appellees with his original petition on January 11, 1988. Appellees filed an answer to this petition on January 22, 1988. Appellant then served appellees with requests for admissions on June 14, 1988. On August 26, 1988, appellees filed a motion for summary judgment which was followed by appellant's motion for summary judgment filed on September 2, 1988. On September 27, 1988, after discovering that appellant's requests for admissions had been inadvertently misplaced and that answers would therefore be untimely, appellees filed a motion asking leave for late filing of responses to requests for admissions. On October 4, 1988, the trial court heard all pending motions. First, the court granted appellees' motion for leave for late filing of responses to requests for admissions. The court then granted appellees' motion for summary judgment and denied appellant's motion for summary judgment. This summary judgment order was signed on November 9, 1988.

On November 30, 1988, appellant perfected his appeal. After reviewing the record on appeal and discovering that some pleadings had been omitted from the transcript, both parties filed requests to supplement the transcript. An order supplementing the transcript was granted on March 20, 1989. This order provided that the requests for admissions, appellees' motion for leave for late filing of responses to requests for admissions, and the order granting appellees' motion would be included in the supplemental transcript. However, appellant, at that time, realized that a copy of his requests for admissions had never been filed with the trial court. On April 7, 1989, he tendered a copy of the requests to the clerk of the trial court for filing. The clerk, on April 7, 1989, filestamped the requests for admissions and included it with the supplemental transcript which was forwarded to this Court. Appellees promptly filed a motion to strike the requests for admissions from the supplemental transcript. This Court granted appellees' motion on May 12, 1989, and ordered the requests for admissions stricken from the supplemental transcript. *See Deerfield Land Joint Venture*, 758 S.W.2d at 610.

■ It is undisputed that appellant properly served appellees with his requests for admissions but did not file a true copy of the requests for admissions with the clerk of the trial court prior to the date of the summary judgment hearing. We hold that, due to this filing defect, the requests for admissions were not properly before the trial court at the time of the summary judgment hearing and, therefore, could not be deemed admitted pursuant to rule 169(1).

## SUMMARY JUDGMENT PROOF

Under point of error one, we also address whether there was sufficient proof to support the appellees' motion for summary judgment. We recognize that appellant did not raise this precise argument in his response to summary judgment. However, in the pleading entitled "Plaintiff's Response to Defendants' Response to Plaintiff's Motion for Summary Judgment", appellant specifically excepted to appellees' proof on the grounds that it consists of conclusory statements, made without personal knowledge and assuming facts which are not in evidence. In his brief on appeal, appellant specifically avers that the trial court erred in denying his motion for summary judgment and in granting appellees' motion for summary judgment. Briefs are liberally construed in the interest of justice. Tex.R.App.P. 74(p).

■ A point of error complaining simply that the trial court erred in granting a motion for summary judgment is sufficient to comply with this rule and to allow argument as to all possible grounds on which summary judgment should have been denied. ° *Davis v. Pletcher*, 727 S.W.2d 29 (Tex.App.—San Antonio 1987,

writ ref'd n.r.e.). The legal sufficiency of summary judgment proof may be attacked for the first time on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). A party cannot gain summary judgment by default. *Cove Investments, Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex.1980). We reason that appellant raised the issue of insufficient summary judgment proof at the trial level and on appeal attacks the trial court's decision to grant summary judgment in favor of appellees on all grounds including the deficiency of summary judgment proof.

 We begin by noting some general rules about summary judgments. First, when both parties file motions for summary judgment, each must carry his own burden and neither may prevail because of the failure of the other party to discharge his burden. Summary judgment is proper when there is no genuine issue of material fact, and the movant shows he is entitled to judgment as a matter of law. Rule 166a(c); *Clear Creek Basin Authority*, 589 S.W.2d at 678. The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Utilities Pipeline v. American Petrofina*, 760 S.W.2d 719, 721 (Tex.App.—Dallas 1988, no writ).

 The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In reviewing the evidence, this Court must take evidence favorable to the non-movant, appellant, as true and resolve any doubts in his favor. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). That is, we consider the summary judgment evidence in the light most favorable to the non-movants. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex.1975). In the case at bar, appellees' summary judgment proof must show as a matter of law that appellant failed to pass the TECAT and to provide personnel with valid teaching credentials

within the time prescribed by the employment contract. We conclude that the summary judgment proof failed to establish appellees' entitlement to summary judgment. Without proof of appellant's failure to meet the contractual deadline, summary judgment was improper. For the following reason, we sustain that portion of appellant's first point of error.

In support of their motion for summary judgment, appellees provided the court below with an affidavit given by Don Pennock, assistant superintendent in charge of personnel for the school district, as proof that appellant failed to pass the TECAT and provide personnel with a valid teaching certificate prior to the opening of school or before the first payroll check was issued. Affiant stated that:

> The first day of school for teachers was August 22, 1986, and school opened for students on September 2, 1986. The first payroll check was issued on or about the 26th day of September, 1986.

 The present issue is whether the term, "on or about the 26th day of September, 1986," satisfies the requirement of specificity for affidavits set forth under rule 166a(c). Under Texas case law, this issue appears to be novel with respect to the requirements for affidavits. Rule 166a(c) provides in pertinent part that:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness,[2] or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Unless authorized by statute, an affidavit is insufficient unless allegations contained therein are direct and unequivocal and perjury can be assigned upon it. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). A substantive defect in a summary judg-

---

**2.** We note that Pennock, as an employee of the school district, is an interested witness. *See*

*Lawrence v. T.D. Industries,* 730 S.W.2d 843, 844 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

ment affidavit is ground for reversal on appeal. *See Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1987, no writ); *State v. Revco, D.S. Inc.,* 675 S.W.2d 219, 221 (Tex. App.—Dallas 1984, no writ); *Parr v. Texas Department of Public Safety,* 536 S.W.2d 426, 427 (Tex.Civ.App.—Fort Worth 1976, no writ). However, a minor discrepancy in a summary judgment affidavit, such as the incorrect name of the person making the supporting affidavit is no cause for reversal. *See 8920 Corp. v. Alief Alamo Bank,* 722 S.W.2d 718, 720 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

In the present case, the lack of specificity goes directly to the elements of appellees' basis for summary judgment. Pennock's affidavit is the only summary judgment evidence in the record to show that appellant failed to provide personnel with valid teaching credentials prior to the time when the first payroll check was issued. Due to the term "on or about," we hold that the affidavit of Pennock does not meet the test set forth in Rule 166a(c) that the evidence be clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies; and readily controverted. *See Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975); *Duncan v. Horning,* 587 S.W.2d 471, 473 (Tex.Civ. App.—Dallas 1979, no writ). The affidavit also fails to show affirmatively that the affiant has personal knowledge and is competent to testify as to when the first payroll check was issued. *See Rule 166a(e).* We therefore sustain appellant's first point of error on the ground that a genuine issue of fact exists with regard to whether appellant provided personnel with a valid teaching certificate within the prescribed time period.

Given our disposition of appellant's first point of error, we find it unnecessary to address the remaining points raised on appeal.

The judgment of the trial court is reversed and the cause is remanded.