**Carl BAUER, Appellant,**

v.

**Javier JASSO and Nelda Jasso, Appellees.**

**No. 13–95–442–CV.**

Court of Appeals of Texas, Corpus Christi.

May 15, 1997.

Moises V. Vela, Vela & Vela, Harlingen,
Larry Warner, Brownsville, for Appellant.

Andrew K. Rozell, Harlingen, Tom Fleming, Fleming, Hewitt & Olvera, Brownsville, Barry Evan Jones, Weslaco, for Appellees.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an appeal from the granting of a summary judgment in a real estate trespass case. We reverse and remand.

Appellees Javier and Nelda Jasso ("Jasso") filed suit against Appellant Carl Bauer ("Bauer") for trespass and for a temporary restraining order prohibiting Bauer from entering onto property claimed to be owned by Jasso.[1] Bauer filed a general denial and also asserted the affirmative defense of title by deed and adverse possession.

Jasso is the record owner of Lot 15, Block 1, Colonia Antigua, a subdivision out of Block 24, Rancho Santa Maria Subdivision, La Feria Grant, Cameron County, Texas. Bauer is the record owner of property adjoining and contiguous to Jasso's property. Jasso asserted there is a drainage ditch across Lot 15, Block 1, that Bauer has used for cultivation of various crops and that such act constitutes trespass onto his property.

The trial court granted Jasso's motion for summary judgment attacking Bauer's affirmative defense of adverse possession. Jasso claimed Bauer's statements in his deposition that he did not intend on taking or stealing Jasso's land are inconsistent with the requirement of § 16.021(1) of the Texas Civil Practice and Remedies Code that defines adverse possession as requiring both actual and visible appropriation of real property and a claim of right inconsistent with and hostile to the claim of another person.

1. Jasso's petition also asserted conditional claims against the Estate of William Hartnell and Virginia Hartnell for breach of warranty of title in connection with Jasso's purchase of the property. As the trial court found Bauer did not have title to the property, Jasso's claims against the Hart-

## MOTION TO DISMISS

▪ Before reaching the merits of Bauer's point of error, we must address Jasso's motion to dismiss for failure to prosecute claiming Bauer breached the parties' mediated settlement agreement and failed to comply with required filing deadlines under the rules of appellate procedure.[2]

This Court referred the parties to mediation, which was conducted on February 1, 1996. As a result of that mediation, all parties agreed to and executed a settlement agreement. The relevant terms of the agreement were that Bauer (1) would dismiss his appeal and (2) pay Jasso the sum of $2500. On April 17, 1996, Jasso's counsel informed Bauer that due to Bauer's failure to deliver the $2500 in full, Jasso considered the settlement agreement breached. He further informed Bauer that he would no longer abide by the terms of the mediated settlement.

In Bauer's response to the motion to dismiss he claimed he deposited $1500 with Jasso's attorney and was attempting to procure the balance of the funds. Bauer additionally asserted that the sum Jasso was to be paid by virtue of the settlement exceeds the value of the land in question and that Jasso prevented him from having a survey of the land completed, as required by the settlement agreement. Bauer stated he was ready, willing and able to pay the full $2500.

▪ Generally, courts of appeals dismiss appeals for want of prosecution when an appellant fails to file a brief within the time prescribed and gives no reasonable explanation for the failure, TEX.R.APP. P. 74(l)(1); *Celotex Corp., Inc. v. Gracy Meadow Owners Assoc.*, 847 S.W.2d 384, 385 n. 1 (Tex.App.—Austin 1993, writ denied); or fails to comply with or respond to a court order, TEX.R.APP. P. 60(a)(1); *Griffin v. Office of the Attorney General*, 926 S.W.2d 648, 649 (Tex.App.—San Antonio 1996, no writ).

nells did not ripen and they are not before this Court.

2. The appellate deadlines are not specified in the motion.

In this case, Bauer timely perfected the appeal, filed the transcript and filed his brief. We cannot say he has failed to diligently prosecute his appeal or meet any appellate deadlines. We have found no authority, nor has Jasso provided us with any, where the failure to comply with the terms of a mediated settlement agreement constituted a valid basis to dismiss an appeal for want of prosecution. This is most likely so because enforcement of a disputed settlement agreement, even if reached while the action is on appeal, must be determined in a breach of contract cause of action under normal rules of pleading and evidence. *Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 658–59 (Tex.1996).

In *Mantas,* an original proceeding, the real party-in-interest had revoked a settlement agreement reached during court-ordered mediation. Mantas, as the non-revoking party, sought enforcement of the agreement in the court of appeals. The court of appeals denied enforcement, holding that the proper remedy was to file a breach of contract action in the trial court. *Id.* If Jasso wants to enforce a specific term of the settlement agreement, he must do the same.

The Motion to Dismiss is DENIED.

## THE SUMMARY JUDGMENT

The standard of review in summary judgment cases is whether the summary judgment proof establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). We must accept the truth of all evidence favorable to Bauer and indulge every reasonable inference on his behalf. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Celestino v. Mid–American Indem. Ins. Co.,* 883 S.W.2d 310, 312 (Tex.App.—Corpus Christi 1994, writ denied).

Where a plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to summary judgment if he demonstrates that there is no material factual issue upon the elements of his claim, unless the defendant shows there is a disputed fact issue regarding the affirmative defense. *Kaplan v. Bernard Lumber Co.,* 710 S.W.2d 737, 739 (Tex.App.—Corpus Christi 1986, no writ).

The transcript does not contain a response to the motion for summary judgment. If a nonmovant fails to file a response, the only issue it may raise on appeal is that the movant has failed to carry its burden of proof. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Additionally, the only defect a nonmovant may raise for the first time on appeal is the legal insufficiency of the summary judgment proof to support the specific grounds stated in the motion. *Duckett v. Board of Trustees, City of Houston Firemen's Relief & Retirement Fund,* 832 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

However, the record does contain Bauer's file-stamped "Controverting Affidavit to Defendant's [sic] Motion for Summary Judgment." The affidavit is sworn to and contains a certificate of service showing it was served upon Jasso's counsel. We consider this affidavit to be in the nature of a response to Jasso's motion and therefore do not limit Bauer's ability to raise issues other than the legal sufficiency of Jasso's summary judgment evidence.

Bauer's sole point of error contains three separate complaints and his brief sets out cases *in toto,* rather than concisely stating a point and providing supporting authority. As such, Bauer's point of error is technically not properly briefed. Tex.R.App. P. 74(d). Nevertheless, "it has long been the policy of this Court to indulge a liberal construction of the briefing rules in favor of the sufficiency of the brief, and to give effect thereto if we . . . can determine with some degree of certainty the nature of the complaint raised by the point." *Rio Delta Land Co. v. Johnson,* 566 S.W.2d 710, 713 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), *see also Champion v. Wright,* 740 S.W.2d 848, 850–51 (Tex. App.—San Antonio 1987, writ denied).

The crux of Bauer's point of error is that the trial court erred in granting summary judgment because Jasso did not estab-

lish his entitlement to summary judgment with respect to Bauer's affirmative defense of adverse possession. Bauer complains the trial court impermissibly shifted the burden of proof to him to establish his affirmative defense instead of requiring Jasso to prove all the elements of his cause of action as a matter of law. We agree.

The summary judgment in this case stated that

Defendant Carl Bauer has not established his claim of adverse possession of all or any part of Lot 15, Block 1, Colonia Antigua, a subdivision out of Block 24, Rancho de Santa Maria Subdivision, La Feria Grant, Cameron County, Texas.

As reflected by the language used in the judgment, the trial court improperly required Bauer to prove his affirmative defense before trial.

■ The court further erred in granting summary judgment because Bauer's affidavit created a fact question with respect to his intent to adversely possess the property in question. Jasso's motion for summary judgment was premised on the argument that Bauer's deposition and answers to interrogatories and admissions showed an intent inconsistent with adverse possession. Summary judgment should not be granted when the cause of action depends on proof of facts not ordinarily subject to absolute verification or denial, *e.g.*, intent, reliance, reasonable care, or uncertainty. *Villacana v. Campbell*, 929 S.W.2d 69, 73 (Tex.App.—Corpus Christi 1996, writ denied); *Wofford v. Blomquist*, 865 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1993, writ denied).

Additionally, even if it was proper to consider statements regarding intent as dispositive summary judgment proof, we find that Bauer's affidavit directly controverts any deposition statements regarding lack of intent to adversely possess. In his affidavit Bauer makes the following statements:

The property in question herein was purchased and has been possessed by myself as well as my wife, since the year of 1969. I have possessed, used, cultivated and enjoyed such property *exclusively* with my wife, since that date until the present date.

At the time that Plaintiff purchased the property he contends he owns, the small tract of land in dispute already belonged to Defendant Carl Bauer and his wife.

These statements of ownership are inconsistent with acquiescence in someone else's ownership of the property and clearly show Bauer's belief that the property is his. A deposition does not have controlling effect over an affidavit in determining whether a motion for summary judgment should be granted. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Thus, if conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party, a fact issue is presented. *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex.1988); *Gaines*, 358 S.W.2d at 562. Accordingly, even if we were to interpret Bauer's deposition testimony and admissions in the manner advocated by Jasso, Bauer's affidavit controverts that summary judgment evidence, thereby creating a fact question and defeating Jasso's entitlement to summary judgment as a matter of law.

■ In his first reply point, Jasso asserts Bauer's responsive affidavit is defective because it fails to assert it is based on personal knowledge and fails to establish the basis of the competency upon which Bauer makes his statements.

■ Generally, a party objecting to the competency of summary judgment proof must obtain a ruling on its objection or obtain a written order signed by the trial judge and entered of record, or the objection is waived and the proof remains a part of the summary judgment record. *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 782 (Tex.App.—Dallas 1994, no writ). While Jasso filed written objections to Bauer's affidavit, there is no order sustaining the objections; and the order granting summary judgment does not reflect that the trial court sustained the objections.

■ The rules of civil procedure provide that, "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but

refusal, to amend." TEX.R. CIV. P. 166a(f). On the other hand, a defect in substance, such as the absence of proper authentication, cannot be waived by failing to object or obtain a written order. *Kotzur v. Kelly,* 791 S.W.2d 254, 256 (Tex.App.—Corpus Christi 1990, no writ). The question thus becomes whether the defect of which Jasso complains is one of substance or merely one of form.

In *Vaughn v. Grand Prairie Indep. Sch. Dist.,* 784 S.W.2d 474 (Tex.App.—Dallas 1989), the court of appeals reversed summary judgment because the affidavit on which the summary judgment was based did not affirmatively show the affiant had personal knowledge and was competent to testify. The supreme court reversed, finding that, "It is clear from reading the entire affidavit that [the affiant] was testifying from personal knowledge and was competent to testify regarding the matters stated. Even if these elements were not shown on the face of the affidavit, Vaughan's failure to object to these defects in form resulted in waiver." *Grand Prairie Indep. School Dist. v. Vaughan,* 792 S.W.2d 944, 945 (Tex.1990); *see also Giese,* 881 S.W.2d at 782.

Even though it never overruled *Vaughn,* the supreme court appeared to take the opposite approach when it affirmed the Dallas Court of Appeals' decision in *City of Wilmer v. Laidlaw Waste Sys., Inc.,* 890 S.W.2d 459, 467 (Tex.App.—Dallas 1994), *aff'd,* 904 S.W.2d 656, 660–61 (Tex.1995), holding that the failure of an affidavit to be made on personal knowledge is a defect in substance and need not be objected to at trial in order to be a ground for reversal. A closer examination of the *City of Wilmer* opinion, however, reveals the supreme court was upholding the long-standing rule that pleadings, even if sworn to, do not constitute proper summary judgment evidence. *Id.* at 661.

We conclude the supreme court's opinion in *Vaughn* is controlling, and Bauer's failure to state that the affidavit is based on personal knowledge is a defect in form and not in substance. Jasso's failure to obtain a ruling on his objection and have that objection reduced to writing therefore waived his claim that Bauer's affidavit is not competent summary judgment evidence. *Accord, Walnut Equip. Leasing Co. v. J–V Dirt & Loam,* 907 S.W.2d 912, 918 (Tex.App.—Austin 1995, writ denied) (appellee's failure to obtain a ruling on his objection to a controverting affidavit on the basis it did not show personal knowledge waived any claim for review on the issue).

Even had Jasso secured a written order sustaining his objections, the holding in *Vaughn* would lead us to conclude that Bauer's affidavit, taken in its entirety, is sufficient.

Bauer's sworn to and notarized affidavit contains many statements that begin with the word "I":

"I am married to Maria Cecilia Bauer."

"I began leasing this 38.2 acre tract of land in January 1953."

"I have possessed, used, cultivated and enjoyed said property ... since that date until the present date."

"I ... was familiar with the boundaries of the property."

"I have paid taxes [on the property] since 1969."

These statements evidence personal knowledge and competence by the person making the statements. Jasso's first reply point is overruled.

In his second reply point, Jasso claims Bauer's original answer sets forth a claim of trespass to try title, and that because Bauer did not affirmatively establish his title to the property, Jasso, as the opposing party, must prevail. A review of Bauer's original answer fails to reveal a counterclaim or any other claim for affirmative relief which could be construed as a cause of action for trespass to try title. Bauer's original answer clearly asserts the affirmative defense of the three-, five-, ten-, and twenty-five-year statutes of limitations through adverse possession ("Defendant has held peaceable, continuous, and adverse possession ..."). While it is certainly true that a trespass to try title action is a proceeding whereby the court resolves competing claims of title or rights of possession, *Yoast v. Yoast,* 649 S.W.2d 289, 292 (Tex. 1983), and that a party who is asserting a trespass to try title suit may prove that claim

by proof of adverse possession, *Clements v. Corbin,* 891 S.W.2d 276, 280 (Tex.App.—Corpus Christi 1994, writ denied), Jasso has not provided to us, nor have we been able to locate, any authority for the proposition that a defense of adverse possession necessarily includes an affirmative claim for relief via trespass to try title.

Because the authority relied upon by Jasso under this reply point relates to plaintiffs who are asserting trespass to try title actions, we do not consider such authority controlling. For the same reason, we do not reach the merits of Jasso's response to Bauer's claim that the trial court improperly placed the burden of proof on Bauer to prove his affirmative defense. As so aptly noted by Jasso in his brief, *"In [the] trial* of a civil case, it is axiomatic that a litigant assumes the burden of proving his factual allegations." (Emphasis ours). There has yet to be a trial on the merits on Jasso's claims.

The judgment of the trial court is REVERSED and the case is REMANDED for further proceedings.