**Nikki N. DAILEY, Appellant,**

v.

**ALBERTSON'S, INC., Appellee.**

No. 08–01–00402–CV.

Court of Appeals of Texas,
El Paso.

July 11, 2002.

**224**

Andrew A. Bergman, Bergman, Stein & Bird, L.L.P., Dallas, for appellant.

Thomas V. Murto, III, Stradley & Wright, Dallas, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

Nikki N. Dailey brought suit against Albertson's, Inc. for personal injuries inflicted by Albertson's employee, Sandra Katina Williams. Dailey appeals the trial court's grant of summary judgment favoring Albertson's. We affirm.

### Procedural background

Nikki N. Dailey filed suit against Albertson's and Williams for personal injuries sustained on January 29, 1998. The suit alleged that on that day, Dailey was a customer in Albertson's. While there, she was attacked by Williams, an Albertson's employee. Dailey sustained bodily injuries inflicted by a box cutter that Albertson's had provided to Williams.

Dailey claimed Albertson's was liable under the doctrine of respondeat superior and for its own negligence in failing to exercise ordinary care in its supervision of Williams and failing to warn her of an unsafe condition. After the suit had been on file over a year, Albertson's filed for summary judgment, urging both traditional and no-evidence grounds. The motion urged, among other things, that Williams's actions were outside the scope of her employment. Attached to the motion were various exhibits, including the affidavit of store director David Hollie and Dailey's deemed admissions.

Dailey filed her response to the summary judgment motion, claiming that Hollie's affidavit was defective, that her deemed admissions had been withdrawn, and that the no-evidence motion was not sufficiently specific. She also argued that genuine issues of material fact existed regarding her claim of negligence. Dailey abandoned her respondeat superior claim, and does not raise that issue on appeal.

On June 8, 2001, the trial court granted interlocutory summary judgment in favor of Albertson's. The order did not specify the ground on which summary judgment was granted. Dailey then nonsuited her claims against Williams, making the trial court's summary judgment final. This appeal follows.

### Standard of review

In reviewing the trial court's granting of summary judgment, we adhere to the following guidelines. The movant for traditional summary judgment must show that there is no genuine issue of material fact and that, as a matter of law, it is entitled to judgment. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 224 (Tex.1999) (requiring under Rule 166a(c) that a moving

party establish that there is no issue of material fact and that it is entitled to judgment as a matter of law); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied). The summary judgment proof must establish that there is no genuine issue of material fact as to one or more elements of the movant's cause of action. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991) (citing *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975)); *Lozoya v. Air Sys. Components, Inc.*, 81 S.W.3d 344, 347 (Tex.App.-El Paso March 21, 2002, no pet.). Evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984)). Where summary judgment does not specify the grounds on which it was granted, the non-movant on appeal must show that each ground alleged in the motion is insufficient to support it. *Duran*, 921 S.W.2d at 784.

For reasons set out below, we do not reach the merits of the motion for no-evidence summary judgment under Tex.R. Civ. P. 166a(i).

### The summary judgment evidence

■ Before considering the merits of summary judgment here, we must first address Dailey's contentions that Albertson's supporting evidence was defective and cannot be considered in our review. In her third issue, Dailey urges that summary judgment was granted in error to the extent the trial court relied upon Dailey's deemed admissions, which she had been allowed to withdraw. Albertson's concedes that its summary judgment cannot be based upon Dailey's failure to respond to its requests for admissions. Dai-

ley's third issue is therefore sustained, and we will not consider any purported admissions by Dailey in reviewing the adequacy of the summary judgment evidence.

In her first issue, Dailey urges that the affidavit of Albertson's store director David Hollie cannot support summary judgment, as it was not based on personal knowledge, did not set out facts admissible in evidence, and did not show that he was competent to testify as to the matters contained in the affidavit. She claims that Hollie's only source of information about the box cutter incident was through his discussion with Albertson's counsel and a review of documents. Albertson's responds that Dailey failed to adequately preserve her complaints for appeal because she did not obtain a ruling on her objections to Hollie's affidavit.

■ The rules of civil procedure distinguish between defects of form and defects of substance in summary judgment affidavits. Tex.R. Civ. P. 166a(f). A defect of form requires both an objection and ruling reflected in the record. *Id.; Giese v. NCNB Texas Forney Banking Center*, 881 S.W.2d 776, 782 (Tex.App.-Dallas 1994, no writ). A defect of substance, in contrast, need not be the subject of objection and may be raised for the first time on appeal. *Bauer v. Jasso*, 946 S.W.2d 552, 557 (Tex. App.-Corpus Christi 1997, no writ).

■ Dailey objected that certain statements in the affidavit were conclusory. It is well settled that conclusory statements are defects of substance that need not be objected to below and may be raised for the first time on appeal. *Green v. Industrial Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 1999, no pet.). This is so because "[a]ffidavits consisting only of conclusions are insufficient to raise an issue of fact." *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984) (citing *Life Ins. Co. of Virginia*

*v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex. 1978)). To support summary judgment, an affidavit must contain specific factual bases, admissible in evidence and upon which conclusions are drawn. *Id.* Where testimony is no more than a legal conclusion, it is improper and will not support summary judgment. *Anderson,* 808 S.W.2d at 55. Albertson's does not dispute Dailey's claim that numerous assertions in Hollie's affidavit are conclusory.

■ The more difficult question involves Dailey's complaint that many statements contained in Hollie's affidavit were clearly made without personal knowledge. Whether lack of personal knowledge is a defect of form or one of substance is a subject of some confusion. As two of our sister courts have discussed at length, the Texas Supreme Court has issued two opinions in apparent conflict on this issue. *See Rizkallah v. Conner,* 952 S.W.2d 580, 585 (Tex.App.-Houston [1st Dist.] 1997, no writ); *Bauer,* 946 S.W.2d at 557. As these courts have noted, in *Vaughn v. Grand Prairie I.S.D.,* 784 S.W.2d 474 (Tex.App.-Dallas 1989), *rev'd,* 792 S.W.2d 944 (Tex. 1990), the high court found that an affidavit's failure to affirmatively show it was based upon personal knowledge of a witness competent to testify was a defect of form which required an objection below in order to preserve error for review. *Vaughn,* 792 S.W.2d at 945. Without overruling *Vaughn,* the Supreme Court reached an opposite result in *City of Wilmer v. Laidlaw Waste Systems (Dallas) Inc.,* 890 S.W.2d 459, 467 (Tex.App.-Dallas 1994), *aff'd,* 904 S.W.2d 656, 660–61 (Tex. 1995), although the Court did not explicitly affirm the Dallas court's language that "[t]he failure of an affidavit to be made on personal knowledge or specify how the

affiant had personal knowledge of the facts asserted is a defect in substance, not form, and need not be objected to at trial to be a ground for reversal." Nevertheless, the *Bauer*[1] and *Rizkallah* courts both decided to follow *Vaughn,* holding that lack of personal knowledge is a defect in form, not substance. *Bauer,* 946 S.W.2d at 557; *Rizkallah,* 952 S.W.2d at 585. We are therefore faced with conflicting decisions in the courts of appeals and a conflict in Supreme Court decisions as to whether lack of personal knowledge in a summary judgment affidavit is a defect of form or one of substance.

We think it useful to look at the dictionary definitions of "form" and "substance" to help us decide how to categorize this question. Merriam–Webster's Collegiate Dictionary defines "form" as "the shape and structure of something as distinguished from its material." The same dictionary defines "substance" as "a fundamental or characteristic part or quality." Tex.R. Civ. P. 166a(f) states that "[s]upporting and opposing affidavits *shall be made on personal knowledge*" (emphasis added). Thus, although lack of a formal recitation that "the facts set forth in this affidavit are within *my* personal knowledge" may be a matter of form, we think the affidavit, whether it contains that recital or not, must be based on personal knowledge, and such personal knowledge is fundamental to the document's nature as an affidavit. We therefore conclude that a lack of personal knowledge, reflected in the affiant's testimony itself and not just as the lack of a formal recitation, is a defect of substance that may be raised for the first time on appeal.

---

1. *Bauer's* determination seems based on the content of the affidavit, which reflected personal knowledge even though it failed to contain a formal recitation that it was based thereon. *Bauer,* 946 S.W.2d at 557.

Here, Hollie's affidavit contained the formal recitation that "[t]he facts set forth in this affidavit are based upon my personal knowledge...." It is clear, however, that he has no personal knowledge of the box cutter incident. His testimony's lack of such basis is contained in the affidavit itself: "I was not personally present at the Albertson's location.... However, in my capacity as Store Director for Albertson's, I have reviewed pertinent records and documents connected with the above referenced lawsuit...." His deposition testimony, submitted by plaintiff in response to the summary judgment motion, also rebuts his lack of personal knowledge:

Q: What is your familiarity with this case? It really all comes from Mr. Fifield; is that right—familiarity with this incident I should say?

[Objection omitted]

A: I've been able to look over the documents that were in the store regarding this incident.

Q: Okay. And—

A: That's basically the extent of my knowledge.

For these reasons, we conclude that portions of Hollie's affidavit are not competent summary judgment evidence, and should not have been considered by the trial court. As a result, we sustain Dailey's complaints as to paragraphs 7, 8, 9, 10, 11, 14, and 16 of David Hollie's affidavit. We will not consider those statements in assessing the adequacy of the evidence to sustain summary judgment. Dailey's Issue One is sustained.

### Material fact issues on Albertson's negligence

In her second issue, Dailey argues that the trial court erred in granting summary judgment because genuine issues of material fact exist regarding Albertson's negligence. In order to prove negligence, Dailey was required to show that Albertson's had a legal duty to her, that it breached that duty, and that her damages arose as a result of the breach. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Ianni v. Loram Maintenance of Way, Inc.*, 16 S.W.3d 508, 513 (Tex.App.-El Paso 2000, pet. denied). Generally, an employer has a duty to control its employee. *See Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). An employer may be liable for a plaintiff's injuries that arise as a result of the employment if the negligence in supervising the employee is the proximate cause of the injuries to the plaintiff. *See Dieter v. Baker Service Tools, A Division of Baker International*, 739 S.W.2d 405, 408 (Tex. App.-Corpus Christi 1987, writ denied); *see also Castillo v. Gared, Inc.*, 1 S.W.3d 781, 785–86 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (asserting that negligent supervision claims are analyzable under negligence). "[A]n employer may be liable for the off-duty torts of its employees which are committed on the employer's premises or with the employer's chattels." *Ianni*, 16 S.W.3d at 514; *see also Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 495 (Tex.App.-Fort Worth 2002, no pet. h.) ("An employer who negligently ... retains ... an incompetent or unfit individual may be directly liable to a third party whose injury was proximately caused by the employee's negligent or intentional act."). And, there must be sufficient evidence to indicate the defendant knew or should have known of the potential harm for liability to be imposed. *Ianni*, 16 S.W.3d at 514. Similarly, one who controls the premises also has a duty to protect invitees from the criminal conduct of third parties if it knows or has reason to know of an unreasonable and foreseeable risk of harm to an invitee. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d

749, 756 (Tex.1998). The duty exists only when the risk is both unreasonable and foreseeable. *Id.*

Viewing the facts through this prism, and without considering any of the evidence we have determined to be incompetent, the facts were as follows. On January 29, 1998, Dailey entered Albertson's to purchase groceries. When Dailey and her friend walked into the store, Williams, who was working at the time, made a loud comment directed toward Dailey. Dailey and Williams had a history of problems arising from the fact that both women were seeing the same man. Dailey was aware that Williams worked at the Albertson's, as Dailey would go there a few times each day. But, when she entered the store on January 29, Dailey believed Williams would not be there because she thought Williams worked a different shift.

After selecting her purchases, Dailey chose a check-out line not occupied by Williams in order to avoid her. Williams began moving from line to line, in what Dailey perceived as an attempt to intercept her. Williams then had a discussion with another employee and left the vicinity.

After Dailey purchased her items and as she was exiting the store, she noticed Williams sitting on a bench near the store exit. Williams was on break, which she had requested from her supervisor. It is unusual for an Albertson's employee to be given a break within the last half-hour of their work day, as apparently happened here. As Dailey walked past Williams, Williams made a loud comment about her hair, saying, "At least mine's not fake." The two exchanged words, and Williams appeared hostile and angry to Dailey. Dailey then left the store.

Dailey realized she had forgotten an item. She had her friend drive her back to the front of the store. As Dailey walked toward the store, she noticed someone swinging her arms and walking in a small circle. Dailey did not immediately recognize this person as Williams. The person, who indeed was Williams, turned, yelled an expletive, and attacked Dailey with a box cutter. Albertson's had issued her the box cutter to perform her job duties. Albertson's has no policy regarding control or monitoring of box cutters once they are issued to employees. Dailey saw no security guard or police officer on duty at the store at the time of this incident. Albertson's terminated Williams as a result of the box cutter incident.

Williams's job application with Albertson's did not list any criminal convictions, nor was Albertson's management aware of any. She had no major problems with Albertson's before the box cutter incident. Nothing in Williams's job duties required her to have any relationship, personal or business, with Dailey.

 Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Nixon*, 690 S.W.2d at 549-50. In the foreseeability inquiry, it is not important whether the particular injury was foreseen, but that the injury was of such a general character as might reasonably have been anticipated and that the injured party was situated with relation to the wrongful act that the injury to him or one reasonably situated was reasonably foreseen. *San Antonio & A.P. Ry. Co. v. Behne*, 231 S.W. 354, 356 (Tex. Comm.App.1921). We ask whether the injury might have been contemplated as a result of the defendant's conduct. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995).

 After reviewing the evidence here, we find no fact issue on the element of foreseeability. The only evidence suggest-

ing foreseeability is that Williams made loud comments about Dailey, and that Williams was placed on break, and that the two had a heated exchange as Dailey left the store. We cannot conclude that this is sufficient to raise a fact question as to whether Albertson's should have foreseen Williams's subsequent violence. Even if we assume Williams's loud comments were overheard by a supervisor, we do not believe the verbal abuse would lead a person of ordinary intelligence to believe Williams would assault Dailey. We cannot say that "loud, verbal comments" about a person's hair[2] and actions such as following Dailey from line to line are enough to show that Albertson's should have foreseen that Williams would assault Dailey.

Once Albertson's established lack of foreseeability, Dailey was required to adduce some evidence that Albertson's knew or should have known they had a dangerous employee in Sandra Katina Williams. There is nothing to show such notice in this record. Dailey seems to argue that from the events that occurred, Albertson's should have known of Williams's danger to Dailey particularly. We disagree. In fact, it was Dailey—and not Albertson's—who was in the privileged position to know whatever danger an encounter with Williams might present.

For these reasons, we believe that summary judgment in favor of Albertson's was appropriate and accordingly overrule Dailey's second issue.

### No-evidence summary judgment

In Dailey's final issue, she argues that the trial court erred in granting summary judgment since Albertson's' no-evidence motion was not specific. Because we conclude that granting the traditional sum-

mary judgment was appropriate, we need not address Dailey's claim regarding the no-evidence motion.

### Conclusion

We affirm the summary judgment.

---

**2.** Whatever comment Williams made to Dailey when she first entered the store, its con-

tent is not reflected in this record, not even in Dailey's affidavit.