COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 NIKKI N.
 DAILEY,
  
                             Appellant,
  
 v.
  
 ALBERTSON=S, INC.
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00402-CV
  
 Appeal from the
  
 191st District Court
  
 of Dallas County, Texas 
  
 (TC# 00-00701) 
  
 
 


O P I N I O N

 

Nikki N. Dailey brought suit against
Albertson=s, Inc. for personal injuries
inflicted by Albertson=s employee, Sandra Katina
Williams.  Dailey appeals the trial court=s grant of summary judgment favoring
Albertson=s. 
We affirm.

Procedural background

Nikki N. Dailey filed suit against
Albertson=s and Williams for personal injuries
sustained on January 29, 1998.  The suit
alleged that on that day, Dailey was a customer in Albertson=s. 
While there, she was attacked by Williams, an Albertson=s employee.  Dailey sustained bodily injuries inflicted by
a box cutter that Albertson=s had provided to Williams.








Dailey claimed Albertson=s was liable under the doctrine of respondeat superior and for its own negligence in failing
to exercise ordinary care in its supervision of Williams and failing to warn
her of an unsafe condition.  After the
suit had been on file over a year, Albertson=s filed for summary judgment, urging
both traditional and no-evidence grounds. 
The motion urged, among other things, that Williams=s actions were outside the scope of
her employment.  Attached to the motion
were various exhibits, including the affidavit of store director David Hollie and Dailey=s deemed admissions.

Dailey filed her response to the
summary judgment motion, claiming that Hollie=s affidavit was defective, that her
deemed admissions had been withdrawn, and that the no-evidence motion was not
sufficiently specific.  She also argued
that genuine issues of material fact existed regarding her claim of
negligence.  Dailey abandoned her respondeat superior claim, and does not raise that issue on
appeal.

On June 8, 2001, the trial court
granted interlocutory summary judgment in favor of Albertson=s. 
The order did not specify the ground on which summary judgment was
granted.  Dailey then nonsuited
her claims against Williams, making the trial court=s summary judgment final.  This appeal follows.

Standard
of review








In reviewing the trial court=s granting of summary judgment, we
adhere to the following guidelines.  The movant for traditional summary judgment must show that
there is no genuine issue of material fact and that, as a matter of law, it is
entitled to judgment.  Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 224 (Tex. 1999)
(requiring under Rule 166a(c) that a moving party establish that there is no
issue of material fact and that it is entitled to judgment as a matter of law);
Duran v. Furr=s Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex. App.--El
Paso 1996, writ denied).  The
summary judgment proof must establish that there is no genuine issue of
material fact as to one or more elements of the movant=s cause of action.  Anderson v. Snider, 808 S.W.2d 54, 55
(Tex. 1991) (citing Rosas v. Buddies Food Store, 518 S.W.2d 534, 537
(Tex. 1975)); Lozoya v. Air Sys. Components, Inc., 2002 WL 440569,
at *2 (Tex. App.--El Paso March 21, 2002, no pet.).  Evidence favorable to the non‑movant will be taken as true.  Every reasonable inference must be indulged
in favor of the non‑movant and any doubts
resolved in its favor.  Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d
546, 548‑49 (Tex. 1985) (citing Montgomery v. Kennedy, 669 S.W.2d
309, 310-11 (Tex. 1984)).  Where summary
judgment does not specify the grounds on which it was granted, the non-movant on appeal must show that each ground alleged in the
motion is insufficient to support it.  Duran,
921 S.W.2d at 784.

For reasons set out below, we do not
reach the merits of the motion for no-evidence summary judgment under Tex. R. Civ. P. 166a(i).

The summary judgment evidence








Before considering the merits of
summary judgment here, we must first address Dailey=s contentions that Albertson=s supporting evidence was defective
and cannot be considered in our review. 
In her third issue, Dailey urges that summary judgment was granted in
error to the extent the trial court relied upon Dailey=s deemed admissions, which she had
been allowed to withdraw.  Albertson=s concedes that its summary judgment
cannot be based upon Dailey=s failure to respond to its requests for admissions.  Dailey=s third issue is therefore sustained,
and we will not consider any purported admissions by Dailey in reviewing the
adequacy of the summary judgment evidence.

In her first issue, Dailey urges that
the affidavit of Albertson=s store director David Hollie
cannot support summary judgment, as it was not based on personal knowledge, did
not set out facts admissible in evidence, and did not show that he was
competent to testify as to the matters contained in the affidavit.  She claims that Hollie=s only source of information about
the box cutter incident was through his discussion with Albertson=s counsel and a review of
documents.  Albertson=s responds that Dailey failed to
adequately preserve her complaints for appeal because she did not obtain a
ruling on her objections to Hollie=s affidavit.

The rules of civil procedure
distinguish between defects of form and defects of substance in summary
judgment affidavits.  Tex. R. Civ. P. 166a(f).  A defect of
form requires both an objection and ruling reflected in the record.  Id.; Giese v. NCNB Texas
Forney Banking Center, 881 S.W.2d 776, 782 (Tex. App.--Dallas 1994, no
writ).  A defect of substance, in
contrast, need not be the subject of objection and may be raised for the first
time on appeal.  Bauer
v. Jasso, 946 S.W.2d 552, 557 (Tex. App.--Corpus
Christi 1997, no writ).








Dailey objected that certain
statements in the affidavit were conclusory.  It is well settled that conclusory
statements are defects of substance that need not be objected to below and may
be raised for the first time on appeal.  Green v. Industrial Specialty Contractors, Inc., 1 S.W.3d
126, 130 (Tex. App.--Houston [1st Dist.] 1999, no pet.).   This is so because A[a]ffidavits
consisting only of conclusions are insufficient to raise an issue of fact.@ 
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)
(citing Life Ins. Co. of Virginia v. Gar-Dal, Inc.,
570 S.W.2d 378, 381 (Tex. 1978)).  To
support summary judgment, an affidavit must contain specific factual bases,
admissible in evidence and upon which conclusions are drawn.  Id. 
Where testimony is no more than a legal conclusion, it is improper and
will not support summary judgment.  Anderson,
808 S.W.2d at 55. 
Albertson=s does not dispute Dailey=s claim that numerous assertions in Hollie=s affidavit are conclusory.








The more difficult question involves
Dailey=s complaint that many statements
contained in Hollie=s affidavit were clearly made without
personal knowledge.  Whether lack of
personal knowledge is a defect of form or one of substance is a subject of some
confusion.  As two of our sister courts
have discussed at length, the Texas Supreme Court has issued two opinions in
apparent conflict on this issue.  See Rizkallah v. Conner, 952 S.W.2d 580, 585 (Tex.
App.--Houston [1st Dist.] 1997, no writ); Bauer, 946 S.W.2d at 557.  As these courts have noted, in Vaughn v.
Grand Prairie I.S.D., 784 S.W.2d 474 (Tex. App.--Dallas 1989), rev=d, 792 S.W.2d 944 (Tex. 1990), the high court found
that an affidavit=s failure to affirmatively show it was based upon personal
knowledge of a witness competent to testify was a defect of form which required
an objection below in order to preserve error for review.  Vaughn, 792 S.W.2d
at 945.  Without overruling Vaughn,
the Supreme Court reached an opposite result in City of Wilmer v. Laidlaw Waste Systems (Dallas) Inc., 890 S.W.2d 459,
467 (Tex. App.--Dallas 1994), aff=d, 904 S.W.2d 656, 660-61 (Tex. 1995), although the
Court did not explicitly affirm the Dallas court=s language that A[t]he failure of an affidavit to be
made on personal knowledge or specify how the affiant had personal knowledge of
the facts asserted is a defect in substance, not form, and need not be objected
to at trial to be a ground for reversal.@ 
Nevertheless, the Bauer[1]
and Rizkallah courts both decided to follow Vaughn,
holding that lack of personal knowledge is a defect in form, not
substance.  Bauer, 946 SW.2d at 557; Rizkallah,
952 S.W.2d at 585.  We are therefore
faced with conflicting decisions in the courts of appeals and a conflict in
Supreme Court decisions as to whether lack of personal knowledge in a summary
judgment affidavit is a defect of form or one of substance.








We think it useful to look at the
dictionary definitions of Aform@ and Asubstance@ to help us decide how to categorize this question.  Merriam-Webster=s Collegiate Dictionary defines Aform@ as Athe shape and structure of something
as distinguished from its material.@ 
The same dictionary defines Asubstance@ as Aa fundamental or characteristic part
or quality.@ 
Tex. R. Civ.
P. 166a(f) states that A[s]upporting
and opposing affidavits shall be made on personal knowledge@ (emphasis added).  Thus, although lack of a formal recitation
that Athe facts set forth in this affidavit
are within my personal knowledge@ may be a matter of form, we think
the affidavit, whether it contains that recital or not, must be based on
personal knowledge, and such personal knowledge is fundamental to the document=s nature as an affidavit.  We therefore conclude that a lack of personal
knowledge, reflected in the affiant=s testimony itself and not just as
the lack of a formal recitation, is a defect of substance that may be raised
for the first time on appeal.

Here, Hollie=s affidavit contained the formal
recitation that A[t]he facts set forth in this affidavit are based upon my
personal knowledge . . . .@  It is clear, however,
that he has no personal knowledge of the box cutter incident.  His testimony=s lack of such basis is contained in
the affidavit itself:  AI was not personally present at the
Albertson=s location . . . .  However, in my capacity as Store Director for
Albertson=s, I have reviewed pertinent records
and documents connected with the above referenced lawsuit . . . .@ 
His deposition testimony, submitted by plaintiff in response to the
summary judgment motion, also rebuts his lack of personal knowledge:

Q:        What is your familiarity with this
case?  It really all comes from Mr. Fifield; is that right--familiarity with this incident I
should say?

 

[Objection
omitted]








A:        I=ve been
able to look over the documents that were in the store regarding this incident.

 

Q:        Okay. 
And --

 

A:        That=s
basically the extent of my knowledge.

 

For these reasons, we conclude that portions of Hollie=s affidavit are not competent summary judgment evidence, and
should not have been considered by the trial court.  As a result, we sustain Dailey=s complaints as to paragraphs 7, 8,
9, 10, 11, 14, and 16 of David Hollie=s affidavit.  We will not consider those statements in
assessing the adequacy of the evidence to sustain summary judgment.  Dailey=s Issue One is sustained.

Material
fact issues on Albertson=s negligence








In her second issue, Dailey argues
that the trial court erred in granting summary judgment because genuine issues
of material fact exist regarding Albertson=s negligence.  In order to prove negligence, Dailey was
required to show that Albertson=s had a legal duty to her, that it breached that duty, and
that her damages arose as a result of the breach.  See Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex.
1990); Ianni v. Loram
Maintenance of Way, Inc., 16 S.W.3d 508, 513 (Tex. App.--El Paso 2000, pet.
denied).  Generally, an employer
has a duty to control its employee.  See Otis Eng=g
Corp. v. Clark, 668 S.W.2d 307, 309 (Tex. 1983).  An employer may be liable for
a plaintiff=s
injuries that arise as a result of the employment if the negligence in
supervising the employee is the proximate cause of the injuries to the
plaintiff.  See Dieter v. Baker
Service Tools, a Division of Baker International, 739 S.W.2d 405, 408 (Tex.
App.--Corpus Christi 1987, writ denied); see also Castillo v. Gared, Inc., 1 S.W.3d 781, 785-86 (Tex. App.--Houston
[1st Dist.] 1999, pet. denied) (asserting that negligent supervision claims are
analyzable under negligence).  A[A]n employer may be liable for the
off-duty torts of its employees which are committed on the employer=s premises or with the employer=s chattels.@ 
Ianni, 16 S.W.3d at 514; see also Wrenn v. G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 495
(Tex. App.--Fort Worth 2002, no pet. h.) (AAn employer who negligently . . .
retains . . . an incompetent or unfit individual may be directly liable to a
third party whose injury was proximately caused by the employee=s negligent or intentional act.@). 
And, there must be sufficient evidence to indicate the defendant knew or
should have known of the potential harm for liability to be imposed.  Ianni, 16 S.W.3d at 514. 
Similarly, one who controls the premises also has a duty to protect
invitees from the criminal conduct of third parties if it knows or has reason
to know of an unreasonable and foreseeable risk of harm to an invitee.  Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756
(Tex. 1998).  The duty exists only
when the risk is both unreasonable and foreseeable.  Id.








Viewing the facts through this prism, and without considering any of the evidence we have
determined to be incompetent, the facts were as follows.  On January 29, 1998, Dailey entered Albertson=s to purchase groceries.  When Dailey and her friend walked into the
store, Williams, who was working at the time, made a loud comment directed
toward Dailey.  Dailey and Williams had a
history of problems arising from the fact that both women were seeing the same man.  Dailey was aware that Williams worked at the
Albertson=s, as Dailey would go there a few
times each day.  But, when she entered
the store on January 29, Dailey believed Williams would not be there because
she thought Williams worked a different shift.

After selecting her purchases, Dailey
chose a check-out line not occupied by Williams in order to avoid her.  Williams began moving from line to line, in
what Dailey perceived as an attempt to intercept her.  Williams then had a discussion with another
employee and left the vicinity.

After Dailey purchased her items and
as she was exiting the store, she noticed Williams sitting on a bench near the
store exit.  Williams was on break, which
she had requested from her supervisor. 
It is unusual for an Albertson=s employee to be given a break within
the last half-hour of their work day, as apparently happened here.  As Dailey walked past Williams, Williams made
a loud comment about her hair, saying, AAt least mine=s not fake.@ 
The two exchanged words, and Williams appeared hostile and angry to
Dailey.  Dailey then left the store.








Dailey realized she had forgotten an
item.  She had her friend drive her back
to the front of the store.  As Dailey
walked toward the store, she noticed someone swinging her arms and walking in a
small circle.  Dailey did not immediately
recognize this person as Williams.  The
person, who indeed was Williams, turned, yelled an expletive, and attacked
Dailey with a box cutter.  Albertson=s had issued her the box cutter to
perform her job duties.  Albertson=s has no policy regarding control or
monitoring of box cutters once they are issued to employees.  Dailey saw no security guard or police
officer on duty at the store at the time of this incident.  Albertson=s terminated Williams as a result of
the box cutter incident.

Williams=s job application with Albertson=s did not list any criminal
convictions, nor was Albertson=s management aware of any. 
She had no major problems with Albertson=s before the box cutter
incident.  Nothing in Williams=s job duties required her to have any
relationship, personal or business, with Dailey.

Foreseeability requires that a person of ordinary
intelligence should have anticipated the danger created by a negligent act or omission.  Nixon, 690 S.W.2d at
549-50.  In the foreseeability inquiry, it is not important whether the
particular injury was foreseen, but that the injury was of such a general
character as might reasonably have been anticipated and that the injured party
was situated with relation to the wrongful act that the injury to him or one
reasonably situated was reasonably foreseen. 
San Antonio & A.P. Ry.
Co. v. Behne, 231 S.W. 354, 356 (Tex. Comm=n
App. 1921).  We ask whether the
injury might have been contemplated as a result of the defendant=s conduct.  Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 478 (Tex. 1995).








After reviewing the evidence here, we
find no fact issue on the element of foreseeability.  The only evidence suggesting foreseeability is that Williams made loud comments about
Dailey, and that Williams was placed on break, and that the two had a heated
exchange as Dailey left the store.  We
cannot conclude that this is sufficient to raise a fact question as to whether
Albertson=s should have foreseen Williams=s subsequent violence. 
Even if we assume Williams=s loud comments were overheard by a
supervisor, we do not believe the verbal abuse would lead a person of ordinary
intelligence to believe Williams would assault Dailey.  We cannot say that Aloud, verbal comments@ about a person=s hair[2]
and actions such as following Dailey from line to line are enough to show that
Albertson=s should have foreseen that Williams
would assault Dailey.

Once Albertson=s established lack of foreseeability, Dailey was required to adduce some evidence
that Albertson=s knew or should have known they had
a dangerous employee in Sandra Katina Williams.  There is nothing to show such notice in this
record.  Dailey seems to argue that from
the events that occurred, Albertson=s should have known of Williams=s danger to Dailey particularly.  We disagree. 
In fact, it was Dailey--and not Albertson=s--who was in the privileged position
to know whatever danger an encounter with Williams might present.

For these reasons, we believe that
summary judgment in favor of Albertson=s was appropriate and accordingly
overrule Dailey=s second issue.








No-evidence
summary judgment

In Dailey=s final issue, she argues that the
trial court erred in granting summary judgment since Albertson=s= no-evidence motion was not
specific.  Because we conclude that
granting the traditional summary judgment was appropriate, we need not address
Dailey=s claim regarding the no-evidence
motion.

Conclusion

We affirm the summary judgment.

 

                                                                        


SUSAN
LARSEN, Justice

July 11, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Publish)

 











[1]Bauer=s determination seems based on the
content of the affidavit, which reflected personal knowledge even though it
failed to contain a formal recitation that it was based thereon.  Bauer, 946 S.W.2d
557.





[2]Whatever
comment Williams made to Dailey when she first entered the store, its content
is not reflected in this record, not even in Dailey=s
affidavit.