# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00687-CV

**Marissa Fernandez and Peter Fernandez, Appellants**

**v.**

**Sharon Peters, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 09-0029-A, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Marissa Fernandez and Peter Fernandez appeal a post-answer default summary judgment entered against them in favor of appellee Sharon Peters. In two issues, the Fernandezes contend that the trial court erred in upholding the summary judgment and abused its discretion in denying their motion for new trial. Because we conclude that there was no error in the trial court's judgment, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Marissa Fernandez signed a real estate lien note for the purchase of a parcel of real property located in Hays County, Texas, from Mayo-Halbert, Ltd. Contemporaneously, she received a warranty deed and executed a deed of trust securing her indebtedness under the note. Subsequently, Peter Fernandez, her brother, placed items of his personal property on the real property. In 2008, Sharon Peters purchased the real property that had belonged to Marissa Fernandez

at a foreclosure sale conducted by substitute trustee Rex G. Baker, III. After taking possession of the real property, Peters disposed of the personal property that was located on it.

In 2009, the Fernandezes filed suit against Sharon Peters, Mayo-Halbert, and Rex Baker complaining of the foreclosure sale and the disposal of the personal property. Specifically, they asserted a claim for wrongful foreclosure against Mayo-Halbert and sought a declaratory judgment that the note was not in default at the time of the foreclosure sale and that the foreclosure sale was null and void. They also asserted a claim against Sharon Peters for conversion of the personal property. In June 2009, the Fernandezes' attorney filed a motion to withdraw, which the trial court granted. The order granting the withdrawal recited last known addresses for Marissa Fernandez and Peter Fernandez as stated in withdrawing counsel's motion.

**Motion for Summary Judgment**

In August 2009, Sharon Peters filed a Rule 166a(c) motion for summary judgment, asserting that she was a bona fide purchaser of the real property at a properly conducted foreclosure sale and that the personal property had been abandoned on the real property. Peters set the motion for hearing in early September and served the motion and notice of hearing on the Fernandezes at their respective addresses as stated in the court's order granting withdrawal of their attorney. In support of the motion, Sharon Peters attached her own affidavit and the affidavit of Rex Baker. Peters's affidavit included the following testimony:

> I purchased the property at issue at a foreclosure sale. The personal property that was there was of nominal value. There was no claim, notice of claim or any other indication that anybody had done anything other than abandoned it. I disposed of it for little to no compensation, because it was of nominal value.

2

In his affidavit, Rex Baker averred that in his capacity as substitute trustee, he had conducted the foreclosure sale in accordance with Texas law and that the sale was proper, valid, and enforceable. The Fernandezes did not file a response, summary judgment evidence, or objections to Peters's summary judgment evidence and failed to appear at the summary judgment hearing. The trial court granted judgment in favor of Sharon Peters and severed the Fernandezes' claim against her from the remainder of their claims.

**Motion for New Trial**

After the court granted Sharon Peters's motion for summary judgment, the Fernandezes obtained new counsel and filed a timely motion for new trial. In their motion, the Fernandezes contended that they had not received notice of the motion for summary judgment and that their failure to respond was unintentional and due to accident or mistake and not to conscious indifference. They further alleged that they had a meritorious defense based on Mayo-Halbert's improper handling of the foreclosure. They also contended that genuine issues of material fact existed to preclude summary judgment and raised objections, for the first time, to Sharon Peters's summary judgment evidence.

Attached to the motion for new trial were the affidavits of Marissa Fernandez and Peter Fernandez. In their affidavits, neither Marissa Fernandez nor Peter Fernandez disputed that Sharon Peters sent the motion for summary judgment by certified mail to their last known addresses as listed in the court's order allowing their attorney's withdrawal. They both, however, testified that they did not receive the mailings from Sharon Peters and thus received no notice of the motion for summary judgment.

3

In her affidavit, Marissa Fernandez also stated that she owned the real property in question, had received no notice that the note was in default and had been accelerated, was given no opportunity to cure the default, and had no notice of the foreclosure. Peter Fernandez further averred in his affidavit that in conversations with the son of the owner of Mayo-Halbert, he had been led to believe that, pending the construction of improvements on the real property, no payments on the note were due. He testified that he had numerous items of personal property located on the real property and listed the items and his opinion of their fair market value in an exhibit to his affidavit. He further stated that in November 2008, after approximately 75% of the items had been removed, he told Sharon Peters that he owned the personal property in issue and that she had no right to take it. Peter Fernandez also testified that in March 2009, he had moved from the address stated as his last known address in the court's order allowing his attorney to withdraw and had filed a forwarding address with the United States Postal Service.

**Hearing on Motion for New Trial**

At the hearing on the motion for new trial, the trial court considered the Fernandezes' affidavits, Sharon Peters's controverting evidence, and the testimony of Peter Fernandez. The trial court first addressed the Fernandezes' affidavit testimony that they did not receive notice of the summary judgment motion. Sharon Peters offered as controverting evidence the returned certified mailings to the Fernandezes, which had been sent to the last known addresses recited in the court's order allowing withdrawal of the Fernandezes' counsel. Peters's evidence showed that the envelope addressed to Marissa Fernandez was stamped with the dates of three attempted deliveries and marked

4

"Unclaimed" and that the envelope addressed to Peter Fernandez was stamped "Not Deliverable As Addressed/Unable To Forward." Both mailings showed Sharon Peters's attorney's office as the return address.

Marissa Fernandez offered no additional evidence or testimony. Peter Fernandez offered testimony on his change of address and receipt of mail. He testified that he had begun moving from the address recited in the order in February 2009 and had completed the move by March 2009. He stated that he left a forwarding address at the post office at the end of March 2009 and that he had received forwarded mail since then. He further testified that he received his former attorney's motion to withdraw, which was filed in June 2009, and the court's order granting the motion at his old address. He also testified that he had not "interact[ed] with the Court or the Court Clerk" since his former attorney withdrew.

The trial court then addressed the issue of the competency of the summary judgment evidence. The Fernandezes argued that even if they had appeared at the summary judgment hearing and not filed any controverting affidavits, the summary judgment affidavits presented by Sharon Peters were insufficient as a matter of law because they were conclusory. None of the parties presented additional evidence on this issue.

**The Trial Court's Ruling**

On the question of notice, the trial court, noting that Marissa Fernandez had failed to claim the mailing after receiving three notices and that, as a *pro se* litigant, she was "obligated . . . to pick up her mail," found that "notice was sent [to Marissa Fernandez] as per all of the rules and the laws." Concerning notice to Peter Fernandez, the trial court found that Peter Fernandez

5

failed to notify the court and opposing counsel of his change of address and that his testimony was "inconsistent" but did not expressly rule on the sufficiency of notice to Peter Fernandez. Regarding the competency of the summary judgment evidence, the trial court acknowledged that "some of [the testimony in the affidavits was] inappropriate, conclusory, maybe even some hearsay in there" but found that, in the absence of controverting affidavits, the evidence was sufficient to support the motion for summary judgment. The trial court denied the motion for new trial as to both parties. This appeal followed.

## ANALYSIS

**Summary Judgment**

*Standard of Review*

We review the trial court's decision to grant summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A Rule 166a(c) motion for summary judgment is properly granted when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c).

A defendant seeking summary judgment under Rule 166a(c), as here, must negate at least one essential element of each of the plaintiff's theories or prove each element of its affirmative defense, thereby showing that no genuine issues of material fact remain and that it, as the movant,

is entitled to judgment as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). The defendant must support its motion with proper summary judgment evidence. *See* Tex. R. Civ. P. 166a(c). Only if the defendant meets its burden, does the burden shift to the plaintiff, as the nonmovant, to establish that a genuine issue of material fact remains.

### *Summary Judgment Evidence*

In their first issue, the Fernandezes assert that Sharon Peters's summary judgment evidence was insufficient to support summary judgment against them on their conversion claim. Specifically, the Fernandezes contend that Peters's affidavits contained testimony that was "conclusory," included "unsubstantiated opinion," and was not based on personal knowledge, and that the attached documents were hearsay. As an initial matter, Sharon Peters responds that the Fernandezes waived their objections to her affidavits by failing to raise them at the summary judgment hearing.

As to the complaint regarding hearsay, we agree. An objection that an affidavit contains hearsay is an objection to the form of the affidavit. *Green v. Industrial Specialty Contractors*, 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also Sprayberry v. Siesta MHC Income Partners, L.P.*, No. 03-08-00649-CV, 2010 Tex. App. LEXIS 2517, at *9-10 (Tex. App.—Austin Apr. 8, 2010, no pet.) (mem. op.). "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f); *see also Green*, 1 S.W.3d at 130 (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n.7 (Tex.

7

1993)). We conclude that by failing to raise it at the summary judgment hearing, the Fernandezes waived their hearsay objection to the affidavits.

Regarding the Fernandezes' complaints that the affiants lacked personal knowledge and that the affidavit testimony was conclusory and contained unsubstantiated opinion, however, we reach a different conclusion. Unlike objections to defects in form, objections to defects of substance may be raised for the first time on appeal. *See Trostle v. Combs*, 104 S.W.3d 206, 214 (Tex. App.—Austin 2003, no pet.). Although the issue of whether an objection to an affiant's lack of personal knowledge is a waivable defect in form or a defect of substance remains unsettled, in recent years, this Court, "'like many of our sister courts, ha[s] concluded that an affidavit's failure to demonstrate a basis for personal knowledge renders it incompetent summary judgment evidence.'" *Campbell v. Campbell*, No. 03-07-00672-CV, 2010 Tex. App. LEXIS 4598, at *14 n.6 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.) (quoting *Sprayberry*, 2010 Tex. App. LEXIS 2517, at *10); *see also Trostle*, 104 S.W.3d at 214); *Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 226 (Tex. App.—El Paso 2002, no pet.) (reviewing conflicting decisions in courts of appeals and conflict in supreme court decisions and concluding objection to lack of personal knowledge reflected in testimony, as opposed to lack of recitation of personal knowledge, is defect of substance that may be raised for first time on appeal). Thus, we conclude that the Fernandezes did not waive their objection that the affiants lacked personal knowledge by failing to assert it in response to Sharon Peters's motion for summary judgment.

Similarly, the Fernandezes' complaints that the affidavit testimony was conclusory and included unsubstantiated opinion are claims that the evidence was incompetent

8

because it contained conclusions not supported by facts. To support summary judgment, an affidavit must contain specific factual bases, admissible in evidence, upon which its conclusions are based. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see also* Tex. R. Civ. P. 166a(f) (affidavits "shall set forth such facts as would be admissible in evidence"). Because the Fernandezes' assertion that Sharon Peters's affidavits lacked specific factual bases goes to the competence of the summary judgment proof, the Fernandezes did not waive their complaint by their failure to raise it at the summary judgment hearing. *See Dailey*, 83 S.W.3d at 226; *Sprayberry*, 2010 Tex. App. LEXIS 2517, at *11-12.

Having concluded that the Fernandezes did not waive their objections to the substance of the affidavits, we turn to the summary judgment evidence. The rules governing summary judgments require that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f). Uncontroverted affidavits are competent evidence to support a summary judgment if the testimony is "clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam) (citation omitted). The issue, then, is whether Sharon Peters's uncontroverted affidavits contained competent summary judgment evidence sufficient to negate at least one essential element of the Fernandezes' claim of conversion.

The supreme court has defined conversion as "'the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights.'" *Johnson*

9

*v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 211 n.44 (Tex. 2002) (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997)). "To establish a claim for conversion of personal property, a plaintiff must have prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.) (citations omitted).

The trial court correctly granted summary judgment in favor of Sharon Peters because her competent summary judgment evidence conclusively negated at least one essential element of the Fernandezes' conversion claim. Sharon Peters testified in her affidavit that she purchased the real property at a foreclosure sale, that there was personal property located on it, that there was no claim or notice of claim to the personal property, and that she disposed of it. While, as the trial court noted, portions of the affidavit testimony Peters presented may have been conclusory and not based on personal knowledge, this portion consists of admissible facts and contains no conclusions or unsubstantiated opinions. Moreover, this testimony is clear, direct, free from contradictions, and readily controvertible. Further, these factual recitations demonstrate the basis on which Sharon Peters had personal knowledge of and was competent to testify to the fact that the Fernandezes did not demand that she return the personal property, thus negating an essential element of the Fernandezes' conversion claim. Because Sharon Peters's summary judgment evidence was competent, the Fernandezes offered no controverting evidence, and Peters negated as a matter of law

10

one essential element of the Fernandezes' claim for conversion, we conclude that there was no genuine issue of material fact and the trial court did not err in granting summary judgment. *See Rhone-Poulenc*, 997 S.W.2d at 223. We overrule the Fernandezes' first issue.

**Motion for New Trial**

*Standard of Review*

The disposition of a motion for new trial is within the trial court's sound discretion; we will not disturb the court's ruling absent an abuse of that discretion. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy all elements of the *Craddock* test. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The Craddock test is well-established: A default judgment should be set aside and a new trial ordered in any case in which (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *Id.* A trial court abuses its discretion by failing to grant a new trial when all elements of the *Craddock* test are met. *Evans*, 889 S.W.2d at 268.

11

The defaulting party's burden as to the first *Craddock* element is satisfied when its factual assertions, if true, negate intent and conscious indifference on its part and the factual assertions are not controverted. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). In determining whether the defaulting party's factual assertions are controverted, the court looks to all the evidence in the record. *Id.* If the nonmovant presents controverting evidence at the new trial hearing, the issue becomes a question of fact for the trial court to resolve. *See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993). In determining whether the defaulting party's failure to respond was intentional or due to conscious indifference, the court looks to the knowledge and acts of the defaulting party. *In re R.R.*, 209 S.W.3d at 115 (citing *Evans*, 889 S.W.2d at 269).

The proper standard for determining whether the defaulting party has met the first element of the *Craddock* test is not a negligence standard. *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008) (per curiam). Rather, the standard is "one of intentional or conscious indifference—that the [defaulting party] knew [it should respond] but did not care." *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575-76 (Tex. 2006) (per curiam).

*Conscious Indifference vs. Accident or Mistake*

In their second issue, the Fernandezes assert that the trial court abused its discretion in denying their motion for new trial because their failure to respond to Sharon Peters's motion for summary judgment was not due to intentional conduct or conscious indifference but was the result of a mistake. Specifically, they contend that their failure to respond was the result of "not having

12

counsel at the time of the motion for summary judgment[1] and not receiving the mailed notices on the motion for summary judgment through negligent failure to pick up certified mail or make sure a proper forwarding address was on file with the United States Postal Service."

The Fernandezes, thus, assume that *Craddock* applies to our review of the trial court's denial of their motion for summary judgment. It is unclear, however, whether the equitable standard of *Craddock* applies in the context of a default summary judgment. *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.) (noting this Court has never applied *Craddock* standard in default summary judgment context). The supreme court has ruled that *Craddock* does not govern default summary judgment cases on certain facts. In *Carpenter v. Cimarron Hydrocarbons Corporation*, the supreme court held that "*Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond *when the respondent had notice of the hearing* and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." 98 S.W.3d 682, 683-84 (Tex. 2002) (emphasis added). Thus, at least when the nonmovant had notice prior to the hearing, *Craddock* does not apply to a motion for new trial following a default summary judgment. *Id.*

---

[1] The record reflects that almost two months passed between the withdrawal of the Fernandezes' attorney and the filing of Sharon Peters's motion for summary judgment. *Pro se* litigants are held to the same standards as licensed attorneys and must comply with the applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). To treat *pro se* litigants differently would accord an unfair advantage over litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Whether *Craddock* applies on the facts of this case is less clear. Here, the Fernandezes contend that they had no notice of the summary judgment motion before the trial court rendered judgment. The supreme court in *Carpenter* expressly reserved the question of whether *Craddock* applies "when a nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment."[2] *Id.* at 686. Several of our sister courts have concluded, post-*Carpenter*, that *Craddock* applies when a default summary judgment nonmovant does not receive notice until after the summary judgment hearing. *See Harden v. East Tex. Med. Ctr. Health Care Assocs.*, No. 14-08-00627-CV, 2009 Tex. App. LEXIS 3409, at *4 (Tex. App.—Houston [14th Dist.] May 19, 2009, no pet.) (mem. op.) ("*Craddock* applies when a summary-judgment non-movant does not receive notice of the submission of the summary-judgment motion until after the submission date."); *Cantu v. Valley Baptist Med. Ctr.*, No. 13-02-00321-CV, 2003 Tex. App. LEXIS 7379, at *3 n.2 (Tex. App.—Corpus Christi Aug. 28, 2003, no pet.) (mem. op.) (distinguishing *Carpenter* and applying *Craddock* where defaulting party contended she did not receive notice and learned of the hearing only after judgment was entered); *Olien v. University of Tex. of the Permian Basin*, No. 08-02-00300-CV, 2003 Tex. App. LEXIS 1549, at *4 (Tex.App.—El Paso Feb. 20, 2003, no pet.) (mem. op.) (applying *Craddock* because fact pattern of *Carpenter* "not the case" where

---

[2] In subsequent cases, the supreme court has held in other contexts that *Carpenter* does not apply when the nonmovant was unaware of its need to file a response or take other action but has not resolved the question of its application in the context of a default summary judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927 (Tex. 2009) (per curiam) (holding *Carpenter* does not apply to post-answer default judgment against defendant who was not aware of trial date); *Wheeler*, 157 S.W.3d at 442 (declining to apply *Carpenter* to summary judgment nonmovant, acting *pro se*, who filed responses to requests for admission two days late and did not realize need to move to withdraw deemed admissions but attended summary judgment hearing).

14

defaulting party did not become aware of hearing until after summary judgment granted). *Cf. Stanley v. CitiFinancial Mort. Co.*, 121 S.W.3d 811, 815-16 (Tex. App.—Beaumont 2003, pet. denied) (observing that decision in *Carpenter* "called into question" whether *Craddock* applies when defaulting summary judgment nonmovant did not discover its mistake until after the hearing but deciding case on other grounds).

This Court and at least one other court have, instead, relied on language in *Carpenter* in determining whether the defaulting summary judgment nonmovant met its burden in its motion for new trial without deciding whether *Craddock* or *Carpenter* governs. *See Limestone Constr.*, 143 S.W.3d at 544; *Kern v. Spencer*, No. 02-06-00199-CV, 2008 Tex. App. LEXIS 5582, at *12-13 (Tex. App.—Fort Worth July 24, 2008, no pet.) (mem. op.). In *Carpenter*, the supreme court articulated a new "good cause" test for determining whether a trial court should grant a nonmovant's motion for leave to file a late response when the nonmovant discovers its mistake in time:

> [A] motion for leave to file a late summary-judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of an accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.

98 S.W.3d at 684. Although the supreme court articulated this test as the standard for a trial court's decision whether to grant a motion for leave to file a late summary judgment response, it applied the standard in its review of the nonmovant's motion for new trial. *Id.* at 686-88; *see also Limestone*

15

*Constr.*, 143 S.W.3d at 543 n.7 (noting *Carpenter* supreme court's application of new standard to motion for new trial before it).[3]

Moreover, the first prong of the *Carpenter* "good cause" test is essentially the same as the first element of the *Craddock* standard. *See* 98 S.W.3d at 684; *Craddock*, 133 S.W.2d at 126; *see also Limestone Constr.*, 143 S.W.3d at 543; *Kern v. Spencer*, 2008 Tex. App. LEXIS 5582, at *12. Regardless of which test applies, then, the first inquiry is the same. Thus, without deciding whether *Craddock* or *Carpenter* governs, we will review the record to determine whether the Fernandezes' failure to respond to Sharon Peters's motion for summary judgment was not intentional or the result of conscious indifference but the result of accident or mistake.

The evidence in the record shows that Sharon Peters mailed notices to the Fernandezes at their last known addresses as stated in the court's order allowing the withdrawal of their attorney, with Peters's attorney's firm name and office address given as the return address. The record further shows that the mailing to Marissa Fernandez was returned unclaimed after three attempted deliveries and the mailing to Peter Fernandez was returned marked as undeliverable, with no forwarding address. As proof that their failure to respond was mere negligence and not the result of conscious indifference, the Fernandezes relied on their affidavits and Peter Fernandez's testimony at the hearing.

---

[3] Further, in two post-*Carpenter* decisions involving the denial of motions for summary judgment, the supreme court has declined to apply *Carpenter* for other stated reasons, not for the reason that it does not apply in the context of motion for new trial. *See Dolgencorp of Tex.*, 288 S.W.3d at 927 (reason for declining to follow *Carpenter* was that nonmovant did not realize mistake before judgment); *Wheeler*, 157 S.W.3d at 442 (stated reason for holding *Carpenter* inapplicable was that nonmovant, acting *pro se*, did not realize need to seek to withdraw deemed admissions prior to summary judgment hearing).

In their affidavits, the Fernandezes both averred that they did not receive Peters's motion for summary judgment. Marissa Fernandez, however, did not offer further evidence or testimony and thus did not dispute that the notice was mailed to the proper address or offer any explanation for why she failed to pick up her certified mail despite three notices. Peter Fernandez stated in his affidavit that he had left a forwarding address with the postal service but, at the hearing, he offered conflicting testimony regarding leaving a forwarding address and receiving mail. He testified that he had completed his move by March 2009 and filed a forwarding address with the postal service at the end of March 2009. Yet he further testified that he received his attorney's motion to withdraw, which was filed in June 2009, at the old address. Moreover, he testified that he did not communicate his change of address to the court.

On this record, we cannot say that the trial court abused its discretion in denying the Fernandezes' motion for new trial. As factfinder, the trial court is charged with the duty of ascertaining the facts surrounding the default circumstances, and it is within the trial court's province to judge the credibility of the witnesses and to determine the weight to be given their testimony. *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied). As the sole judge of the credibility of the witnesses, *see Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 567 (Tex. 2000), and on this record, the trial court was free to believe that Marissa Fernandez consciously disregarded the three notices of attempted delivery of a certified letter from opposing counsel and chose not to pick up the mailing. Further, the court could have discredited the testimony of Peter Fernandez that he filed a forwarding address and could have found that he consciously chose not to notify the court or opposing counsel of his change of address or that he actually received

17

notice of the motion for summary judgment and failed to act on it. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 30.015(d) (West 2008) (requiring party or party's attorney to provide written notice of change of address to clerk of court during course of civil action).

In sum, we conclude that there is evidence in the record of the knowledge and acts of the Fernandezes upon which the trial court could have reasonably decided that the Fernandezes' failure to respond to Sharon Peters's motion for summary judgment was not due to accident or mistake but was the result of conscious indifference. *See Levine*, 248 S.W.3d at 169. Because we conclude that the trial court was within its discretion in denying the Fernandezes' motion for new trial under the first element of both *Craddock* and *Carpenter*, we will not disturb the trial court's ruling. *See Evans*, 889 S.W.2d at 268 . We need not consider whether the Fernandezes met the other elements of either *Craddock* or *Carpenter* because they failed to demonstrate that their failure to appear was not the result of conscious indifference. *See* Tex. R. App. P. 47.1. Accordingly, we overrule the Fernandezes' second issue.

## CONCLUSION

Having overruled the Fernandezes' issues, we affirm the trial court's judgment.

_____
Jan P. Patterson, Justice

Before Justices Patterson, Puryear, and Henson

Affirmed

Filed:   October 19, 2010

18