TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00687-CV






Marissa Fernandez and Peter Fernandez, Appellants


v.


Sharon Peters, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. 09-0029-A, HONORABLE GARY L. STEEL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellants Marissa Fernandez and Peter Fernandez appeal a post-answer default
summary judgment entered against them in favor of appellee Sharon Peters. In two issues, the
Fernandezes contend that the trial court erred in upholding the summary judgment and abused its
discretion in denying their motion for new trial. Because we conclude that there was no error in the
trial court's judgment, we affirm the judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 In 2003, Marissa Fernandez signed a real estate lien note for the purchase of a parcel
of real property located in Hays County, Texas, from Mayo-Halbert, Ltd. Contemporaneously, she
received a warranty deed and executed a deed of trust securing her indebtedness under the note.
Subsequently, Peter Fernandez, her brother, placed items of his personal property on the real
property. In 2008, Sharon Peters purchased the real property that had belonged to Marissa Fernandez
at a foreclosure sale conducted by substitute trustee Rex G. Baker, III. After taking possession of
the real property, Peters disposed of the personal property that was located on it.

 In 2009, the Fernandezes filed suit against Sharon Peters, Mayo-Halbert, and
Rex Baker complaining of the foreclosure sale and the disposal of the personal property. 
Specifically, they asserted a claim for wrongful foreclosure against Mayo-Halbert and sought a
declaratory judgment that the note was not in default at the time of the foreclosure sale and that the
foreclosure sale was null and void. They also asserted a claim against Sharon Peters for conversion
of the personal property. In June 2009, the Fernandezes' attorney filed a motion to withdraw,
which the trial court granted. The order granting the withdrawal recited last known addresses for
Marissa Fernandez and Peter Fernandez as stated in withdrawing counsel's motion.


Motion for Summary Judgment


 In August 2009, Sharon Peters filed a Rule 166a(c) motion for summary judgment,
asserting that she was a bona fide purchaser of the real property at a properly conducted foreclosure
sale and that the personal property had been abandoned on the real property. Peters set the motion
for hearing in early September and served the motion and notice of hearing on the Fernandezes at
their respective addresses as stated in the court's order granting withdrawal of their attorney. In
support of the motion, Sharon Peters attached her own affidavit and the affidavit of Rex Baker. 
Peters's affidavit included the following testimony:


 I purchased the property at issue at a foreclosure sale. The personal property
that was there was of nominal value. There was no claim, notice of claim or any
other indication that anybody had done anything other than abandoned it. I disposed
of it for little to no compensation, because it was of nominal value.


 In his affidavit, Rex Baker averred that in his capacity as substitute trustee, he had
conducted the foreclosure sale in accordance with Texas law and that the sale was proper, valid, and
enforceable. The Fernandezes did not file a response, summary judgment evidence, or objections
to Peters's summary judgment evidence and failed to appear at the summary judgment hearing. The
trial court granted judgment in favor of Sharon Peters and severed the Fernandezes' claim against
her from the remainder of their claims.


Motion for New Trial


 After the court granted Sharon Peters's motion for summary judgment, the
Fernandezes obtained new counsel and filed a timely motion for new trial. In their motion, the
Fernandezes contended that they had not received notice of the motion for summary judgment and
that their failure to respond was unintentional and due to accident or mistake and not to conscious
indifference. They further alleged that they had a meritorious defense based on Mayo-Halbert's
improper handling of the foreclosure. They also contended that genuine issues of material fact
existed to preclude summary judgment and raised objections, for the first time, to Sharon Peters's
summary judgment evidence.

 Attached to the motion for new trial were the affidavits of Marissa Fernandez and
Peter Fernandez. In their affidavits, neither Marissa Fernandez nor Peter Fernandez disputed that
Sharon Peters sent the motion for summary judgment by certified mail to their last known addresses
as listed in the court's order allowing their attorney's withdrawal. They both, however, testified that
they did not receive the mailings from Sharon Peters and thus received no notice of the motion for
summary judgment.

 In her affidavit, Marissa Fernandez also stated that she owned the real property in
question, had received no notice that the note was in default and had been accelerated, was given no
opportunity to cure the default, and had no notice of the foreclosure. Peter Fernandez further averred
in his affidavit that in conversations with the son of the owner of Mayo-Halbert, he had been led to
believe that, pending the construction of improvements on the real property, no payments on the note
were due. He testified that he had numerous items of personal property located on the real property
and listed the items and his opinion of their fair market value in an exhibit to his affidavit. He
further stated that in November 2008, after approximately 75% of the items had been removed, he
told Sharon Peters that he owned the personal property in issue and that she had no right to take it. 
Peter Fernandez also testified that in March 2009, he had moved from the address stated as his last
known address in the court's order allowing his attorney to withdraw and had filed a forwarding
address with the United States Postal Service.


Hearing on Motion for New Trial


 At the hearing on the motion for new trial, the trial court considered the Fernandezes'
affidavits, Sharon Peters's controverting evidence, and the testimony of Peter Fernandez. The trial
court first addressed the Fernandezes' affidavit testimony that they did not receive notice of the
summary judgment motion. Sharon Peters offered as controverting evidence the returned certified
mailings to the Fernandezes, which had been sent to the last known addresses recited in the court's
order allowing withdrawal of the Fernandezes' counsel. Peters's evidence showed that the envelope
addressed to Marissa Fernandez was stamped with the dates of three attempted deliveries and marked
"Unclaimed" and that the envelope addressed to Peter Fernandez was stamped "Not Deliverable As
Addressed/Unable To Forward." Both mailings showed Sharon Peters's attorney's office as the
return address.

 Marissa Fernandez offered no additional evidence or testimony. Peter Fernandez
offered testimony on his change of address and receipt of mail. He testified that he had begun
moving from the address recited in the order in February 2009 and had completed the move by
March 2009. He stated that he left a forwarding address at the post office at the end of March 2009
and that he had received forwarded mail since then. He further testified that he received his former
attorney's motion to withdraw, which was filed in June 2009, and the court's order granting the
motion at his old address. He also testified that he had not "interact[ed] with the Court or the Court
Clerk" since his former attorney withdrew.

 The trial court then addressed the issue of the competency of the summary judgment
evidence. The Fernandezes argued that even if they had appeared at the summary judgment
hearing and not filed any controverting affidavits, the summary judgment affidavits presented by
Sharon Peters were insufficient as a matter of law because they were conclusory. None of the parties
presented additional evidence on this issue.


The Trial Court's Ruling


 On the question of notice, the trial court, noting that Marissa Fernandez had failed
to claim the mailing after receiving three notices and that, as a pro se litigant, she was "obligated 
. . .  to pick up her mail," found that "notice was sent [to Marissa Fernandez] as per all of the rules
and the laws." Concerning notice to Peter Fernandez, the trial court found that Peter Fernandez
failed to notify the court and opposing counsel of his change of address and that his testimony was
"inconsistent" but did not expressly rule on the sufficiency of notice to Peter Fernandez. Regarding
the competency of the summary judgment evidence, the trial court acknowledged that "some of [the
testimony in the affidavits was] inappropriate, conclusory, maybe even some hearsay in there" but
found that, in the absence of controverting affidavits, the evidence was sufficient to support the
motion for summary judgment. The trial court denied the motion for new trial as to both parties. 
This appeal followed.


ANALYSIS


Summary Judgment


 Standard of Review


 We review the trial court's decision to grant summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment,
we take as true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant's favor. Id.; Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). A Rule 166a(c) motion for summary judgment is properly
granted when the movant establishes that there are no genuine issues of material fact and that it is
entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c).

 A defendant seeking summary judgment under Rule 166a(c), as here, must negate at
least one essential element of each of the plaintiff's theories or prove each element of its affirmative
defense, thereby showing that no genuine issues of material fact remain and that it, as the movant,
is entitled to judgment as a matter of law. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). The defendant must support
its motion with proper summary judgment evidence. See Tex. R. Civ. P. 166a(c). Only if the
defendant meets its burden, does the burden shift to the plaintiff, as the nonmovant, to establish that
a genuine issue of material fact remains.


 Summary Judgment Evidence


 In their first issue, the Fernandezes assert that Sharon Peters's summary judgment
evidence was insufficient to support summary judgment against them on their conversion claim.
Specifically, the Fernandezes contend that Peters's affidavits contained testimony that was
"conclusory," included "unsubstantiated opinion," and was not based on personal knowledge, and
that the attached documents were hearsay. As an initial matter, Sharon Peters responds that the
Fernandezes waived their objections to her affidavits by failing to raise them at the summary
judgment hearing.

 As to the complaint regarding hearsay, we agree. An objection that an affidavit
contains hearsay is an objection to the form of the affidavit. Green v. Industrial Specialty
Contractors, 1 S.W.3d 126, 130 (Tex. App.--Houston [1st Dist.] 1999, no pet.); see also Sprayberry
v. Siesta MHC Income Partners, L.P., No. 03-08-00649-CV, 2010 Tex. App. LEXIS 2517, at *9-10
(Tex. App.--Austin Apr. 8, 2010, no pet.) (mem. op.). "Defects in the form of affidavits or
attachments will not be grounds for reversal unless specifically pointed out by objection by an
opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f); see also Green,
1 S.W.3d at 130 (citing McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex.
1993)). We conclude that by failing to raise it at the summary judgment hearing, the Fernandezes
waived their hearsay objection to the affidavits.

 Regarding the Fernandezes' complaints that the affiants lacked personal knowledge
and that the affidavit testimony was conclusory and contained unsubstantiated opinion, however, we
reach a different conclusion. Unlike objections to defects in form, objections to defects of substance
may be raised for the first time on appeal. See Trostle v. Combs, 104 S.W.3d 206, 214 (Tex.
App.--Austin 2003, no pet.). Although the issue of whether an objection to an affiant's lack of
personal knowledge is a waivable defect in form or a defect of substance remains unsettled, in recent
years, this Court, "'like many of our sister courts, ha[s] concluded that an affidavit's failure to
demonstrate a basis for personal knowledge renders it incompetent summary judgment evidence.'" 
Campbell v. Campbell, No. 03-07-00672-CV, 2010 Tex. App. LEXIS 4598, at *14 n.6 (Tex.
App.--Austin June 18, 2010, no pet.) (mem. op.) (quoting Sprayberry, 2010 Tex. App. LEXIS 2517,
at *10); see also Trostle, 104 S.W.3d at 214); Dailey v. Albertson's, Inc., 83 S.W.3d 222, 226 (Tex.
App.--El Paso 2002, no pet.) (reviewing conflicting decisions in courts of appeals and conflict in
supreme court decisions and concluding objection to lack of personal knowledge reflected in
testimony, as opposed to lack of recitation of personal knowledge, is defect of substance that may
be raised for first time on appeal). Thus, we conclude that the Fernandezes did not waive their
objection that the affiants lacked personal knowledge by failing to assert it in response to Sharon
Peters's motion for summary judgment.

 Similarly, the Fernandezes' complaints that the affidavit testimony was conclusory
and included unsubstantiated opinion are claims that the evidence was incompetent
because it contained conclusions not supported by facts. To support summary judgment,
an affidavit must contain specific factual bases, admissible in evidence, upon which its
conclusions are based.  Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); see also
Tex. R. Civ. P. 166a(f) (affidavits "shall set forth such facts as would be admissible in evidence"). 
Because the Fernandezes' assertion that Sharon Peters's affidavits lacked specific factual bases goes
to the competence of the summary judgment proof, the Fernandezes did not waive their complaint
by their failure to raise it at the summary judgment hearing. See Dailey, 83 S.W.3d at 226;
Sprayberry, 2010 Tex. App. LEXIS 2517, at *11-12.

 Having concluded that the Fernandezes did not waive their objections to the substance
of the affidavits, we turn to the summary judgment evidence. The rules governing summary
judgments require that "[s]upporting and opposing affidavits shall be made on personal knowledge,
shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the
affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f). Uncontroverted
affidavits are competent evidence to support a summary judgment if the testimony is "clear, positive,
direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily
controverted." Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam)
(citation omitted). The issue, then, is whether Sharon Peters's uncontroverted affidavits contained
competent summary judgment evidence sufficient to negate at least one essential element of the
Fernandezes' claim of conversion.

 The supreme court has defined conversion as "'the wrongful exercise of dominion
and control over another's property in denial of or inconsistent with his rights.'" Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 211 n.44 (Tex. 2002) (quoting Green Int'l, Inc. v. Solis,
951 S.W.2d 384, 391 (Tex. 1997)). "To establish a claim for conversion of personal property, a
plaintiff must have prove that: (1) the plaintiff owned or had legal possession of the property or
entitlement to possession; (2) the defendant unlawfully and without authorization assumed and
exercised dominion and control over the property to the exclusion of, or inconsistent with, the
plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant
refused to return the property." Smith v. Maximum Racing, Inc., 136 S.W.3d 337, 341 (Tex.
App.--Austin 2004, no pet.) (citations omitted).

 The trial court correctly granted summary judgment in favor of Sharon Peters because
her competent summary judgment evidence conclusively negated at least one essential element of
the Fernandezes' conversion claim. Sharon Peters testified in her affidavit that she purchased the
real property at a foreclosure sale, that there was personal property located on it, that there was no
claim or notice of claim to the personal property, and that she disposed of it. While, as the trial court
noted, portions of the affidavit testimony Peters presented may have been conclusory and not based
on personal knowledge, this portion consists of admissible facts and contains no conclusions or
unsubstantiated opinions. Moreover, this testimony is clear, direct, free from contradictions, and
readily controvertible. Further, these factual recitations demonstrate the basis on which
Sharon Peters had personal knowledge of and was competent to testify to the fact that the
Fernandezes did not demand that she return the personal property, thus negating an essential element
of the Fernandezes' conversion claim. Because Sharon Peters's summary judgment evidence was
competent, the Fernandezes offered no controverting evidence, and Peters negated as a matter of law
one essential element of the Fernandezes' claim for conversion, we conclude that there was no
genuine issue of material fact and the trial court did not err in granting summary judgment. See
Rhone-Poulenc, 997 S.W.2d at 223. We overrule the Fernandezes' first issue.


Motion for New Trial


 Standard of Review

 The disposition of a motion for new trial is within the trial court's sound discretion;
we will not disturb the court's ruling absent an abuse of that discretion. Director, State Employees
Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). A trial court abuses its discretion
if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and
principles. K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

 Generally, before a default judgment can be set aside and a new trial granted, the
defaulting party must satisfy all elements of the Craddock test. Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. 1939). The Craddock test is well-established: A default judgment
should be set aside and a new trial ordered in any case in which (1) the defaulting party's failure to
answer or to appear was not intentional, or the result of conscious indifference, but was due to a
mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the
motion is filed at a time when the granting of a new trial will not occasion delay or work other injury
to the prevailing party. Id. A trial court abuses its discretion by failing to grant a new trial when all
elements of the Craddock test are met. Evans, 889 S.W.2d at 268.

 The defaulting party's burden as to the first Craddock element is satisfied when its
factual assertions, if true, negate intent and conscious indifference on its part and the factual
assertions are not controverted. In re R.R., 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). In
determining whether the defaulting party's factual assertions are controverted, the court looks to all
the evidence in the record. Id. If the nonmovant presents controverting evidence at the new trial
hearing, the issue becomes a question of fact for the trial court to resolve. See Estate of Pollack
v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993). In determining whether the defaulting party's
failure to respond was intentional or due to conscious indifference, the court looks to the knowledge
and acts of the defaulting party. In re R.R., 209 S.W.3d at 115 (citing Evans, 889 S.W.2d at 269).

 The proper standard for determining whether the defaulting party has met the first
element of the Craddock test is not a negligence standard. Levine v. Shackelford, Melton
& McKinley, L.L.P., 248 S.W.3d 166, 168 (Tex. 2008) (per curiam). Rather, the standard is "one
of intentional or conscious indifference--that the [defaulting party] knew [it should respond] but did
not care." Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 575-76 (Tex. 2006)
(per curiam).


 Conscious Indifference vs. Accident or Mistake

 In their second issue, the Fernandezes assert that the trial court abused its discretion
in denying their motion for new trial because their failure to respond to Sharon Peters's motion for
summary judgment was not due to intentional conduct or conscious indifference but was the result
of a mistake. Specifically, they contend that their failure to respond was the result of "not having
counsel at the time of the motion for summary judgment[ (1)] and not receiving the mailed notices on
the motion for summary judgment through negligent failure to pick up certified mail or make sure
a proper forwarding address was on file with the United States Postal Service."

 The Fernandezes, thus, assume that Craddock applies to our review of the trial court's
denial of their motion for summary judgment. It is unclear, however, whether the equitable standard
of Craddock applies in the context of a default summary judgment. Limestone Constr., Inc.
v. Summit Commercial Indus. Props., Inc., 143 S.W.3d 538, 542 (Tex. App.--Austin 2004, no pet.)
(noting this Court has never applied Craddock standard in default summary judgment context). The
supreme court has ruled that Craddock does not govern default summary judgment cases on certain
facts. In Carpenter v. Cimarron Hydrocarbons Corporation, the supreme court held that "Craddock
does not apply to a motion for new trial filed after summary judgment is granted on a motion to
which the nonmovant failed to timely respond when the respondent had notice of the hearing and
an opportunity to employ the means our civil procedure rules make available to alter the deadlines
Rule 166a imposes." 98 S.W.3d 682, 683-84 (Tex. 2002) (emphasis added). Thus, at least when
the nonmovant had notice prior to the hearing, Craddock does not apply to a motion for new trial
following a default summary judgment. Id.

 Whether Craddock applies on the facts of this case is less clear. Here, the
Fernandezes contend that they had no notice of the summary judgment motion before the trial court
rendered judgment. The supreme court in Carpenter expressly reserved the question of whether
Craddock applies "when a nonmovant discovers its mistake after the summary-judgment hearing or
rendition of judgment." (2) Id. at 686. Several of our sister courts have concluded, post-Carpenter,
that Craddock applies when a default summary judgment nonmovant does not receive notice until
after the summary judgment hearing. See Harden v. East Tex. Med. Ctr. Health Care Assocs.,
No. 14-08-00627-CV, 2009 Tex. App. LEXIS 3409, at *4 (Tex. App.--Houston [14th Dist.]
May 19, 2009, no pet.) (mem. op.) ("Craddock applies when a summary-judgment non-movant does
not receive notice of the submission of the summary-judgment motion until after the submission
date."); Cantu v. Valley Baptist Med. Ctr., No. 13-02-00321-CV, 2003 Tex. App. LEXIS 7379,
at *3 n.2 (Tex. App.--Corpus Christi Aug. 28, 2003, no pet.) (mem. op.) (distinguishing Carpenter
and applying Craddock where defaulting party contended she did not receive notice and learned of
the hearing only after judgment was entered); Olien v. University of Tex. of the Permian Basin,
No. 08-02-00300-CV, 2003 Tex. App. LEXIS 1549, at *4 (Tex.App.--El Paso Feb. 20, 2003,
no pet.) (mem. op.) (applying Craddock because fact pattern of Carpenter "not the case" where
defaulting party did not become aware of hearing until after summary judgment granted). 
Cf. Stanley v. CitiFinancial Mort. Co., 121 S.W.3d 811, 815-16 (Tex. App.--Beaumont 2003, pet.
denied) (observing that decision in Carpenter "called into question" whether Craddock applies when
defaulting summary judgment nonmovant did not discover its mistake until after the hearing but
deciding case on other grounds).

 This Court and at least one other court have, instead, relied on language in Carpenter
in determining whether the defaulting summary judgment nonmovant met its burden in its motion
for new trial without deciding whether Craddock or Carpenter governs. See Limestone Constr.,
143 S.W.3d at 544; Kern v. Spencer, No. 02-06-00199-CV, 2008 Tex. App. LEXIS 5582, at *12-13
(Tex. App.--Fort Worth July 24, 2008, no pet.) (mem. op.). In Carpenter, the supreme court
articulated a new "good cause" test for determining whether a trial court should grant a nonmovant's
motion for leave to file a late response when the nonmovant discovers its mistake in time:

 

 [A] motion for leave to file a late summary-judgment response should be granted
when the nonmovant establishes good cause by showing that the failure to timely
respond (1) was not intentional or the result of conscious indifference, but the result
of an accident or mistake, and (2) that allowing the late response will occasion no
undue delay or otherwise injure the party seeking summary judgment.



98 S.W.3d at 684. Although the supreme court articulated this test as the standard for a trial court's
decision whether to grant a motion for leave to file a late summary judgment response, it applied the
standard in its review of the nonmovant's motion for new trial. Id. at 686-88; see also Limestone
Constr., 143 S.W.3d at 543 n.7 (noting Carpenter supreme court's application of new standard to
motion for new trial before it). (3)

 Moreover, the first prong of the Carpenter "good cause" test is essentially the same
as the first element of the Craddock standard. See 98 S.W.3d at 684; Craddock, 133 S.W.2d at 126;
see also Limestone Constr., 143 S.W.3d at 543; Kern v. Spencer, 2008 Tex. App. LEXIS 5582, at
*12. Regardless of which test applies, then, the first inquiry is the same. Thus, without deciding
whether Craddock or Carpenter governs, we will review the record to determine whether the
Fernandezes' failure to respond to Sharon Peters's motion for summary judgment was not intentional
or the result of conscious indifference but the result of accident or mistake.

 The evidence in the record shows that Sharon Peters mailed notices to the
Fernandezes at their last known addresses as stated in the court's order allowing the withdrawal of
their attorney, with Peters's attorney's firm name and office address given as the return address. The
record further shows that the mailing to Marissa Fernandez was returned unclaimed after three
attempted deliveries and the mailing to Peter Fernandez was returned marked as undeliverable, with
no forwarding address. As proof that their failure to respond was mere negligence and not the result
of conscious indifference, the Fernandezes relied on their affidavits and Peter Fernandez's testimony
at the hearing.

 In their affidavits, the Fernandezes both averred that they did not receive Peters's
motion for summary judgment. Marissa Fernandez, however, did not offer further evidence or
testimony and thus did not dispute that the notice was mailed to the proper address or offer any 
explanation for why she failed to pick up her certified mail despite three notices. Peter Fernandez
stated in his affidavit that he had left a forwarding address with the postal service but, at the hearing,
he offered conflicting testimony regarding leaving a forwarding address and receiving mail. He
testified that he had completed his move by March 2009 and filed a forwarding address with the
postal service at the end of March 2009. Yet he further testified that he received his attorney's
motion to withdraw, which was filed in June 2009, at the old address. Moreover, he testified that
he did not communicate his change of address to the court.

 On this record, we cannot say that the trial court abused its discretion in denying the
Fernandezes' motion for new trial. As factfinder, the trial court is charged with the duty of
ascertaining the facts surrounding the default circumstances, and it is within the trial court's province
to judge the credibility of the witnesses and to determine the weight to be given their testimony.
Jackson v. Mares, 802 S.W.2d 48, 51 (Tex. App.--Corpus Christi 1990, writ denied). As the sole
judge of the credibility of the witnesses, see Montgomery Indep. Sch. Dist. v. Davis, 34 S.W.3d 559,
567 (Tex. 2000), and on this record, the trial court was free to believe that Marissa Fernandez
consciously disregarded the three notices of attempted delivery of a certified letter from opposing
counsel and chose not to pick up the mailing. Further, the court could have discredited the testimony
of Peter Fernandez that he filed a forwarding address and could have found that he consciously chose
not to notify the court or opposing counsel of his change of address or that he actually received
notice of the motion for summary judgment and failed to act on it. See id.; see also Tex. Civ. Prac.
& Rem. Code Ann. § 30.015(d) (West 2008) (requiring party or party's attorney to provide written
notice of change of address to clerk of court during course of civil action).

 In sum, we conclude that there is evidence in the record of the knowledge and acts
of the Fernandezes upon which the trial court could have reasonably decided that the Fernandezes'
failure to respond to Sharon Peters's motion for summary judgment was not due to accident or
mistake but was the result of conscious indifference. See Levine, 248 S.W.3d at 169. Because we
conclude that the trial court was within its discretion in denying the Fernandezes' motion for new
trial under the first element of both Craddock and Carpenter, we will not disturb the trial court's
ruling. See Evans, 889 S.W.2d at 268 . We need not consider whether the Fernandezes met the
other elements of either Craddock or Carpenter because they failed to demonstrate that their failure
to appear was not the result of conscious indifference. See Tex. R. App. P. 47.1. Accordingly, we
overrule the Fernandezes' second issue.


CONCLUSION


 Having overruled the Fernandezes' issues, we affirm the trial court's judgment.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear, and Henson

Affirmed

Filed: October 19, 2010
1. The record reflects that almost two months passed between the withdrawal of the
Fernandezes' attorney and the filing of Sharon Peters's motion for summary judgment. Pro se
litigants are held to the same standards as licensed attorneys and must comply with the applicable
laws and rules of procedure. Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). To
treat pro se litigants differently would accord an unfair advantage over litigants represented by
counsel. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).
2. In subsequent cases, the supreme court has held in other contexts that Carpenter does not
apply when the nonmovant was unaware of its need to file a response or take other action but has
not resolved the question of its application in the context of a default summary judgment. 
See Dolgencorp of Tex., Inc. v. Lerma, 288 S.W.3d 922, 927 (Tex. 2009) (per curiam) (holding
Carpenter does not apply to post-answer default judgment against defendant who was not aware of
trial date); Wheeler, 157 S.W.3d at 442 (declining to apply Carpenter to summary judgment
nonmovant, acting pro se, who filed responses to requests for admission two days late and did not
realize need to move to withdraw deemed admissions but attended summary judgment hearing).
3. Further, in two post-Carpenter decisions involving the denial of motions for summary
judgment, the supreme court has declined to apply Carpenter for other stated reasons, not for the
reason that it does not apply in the context of motion for new trial. See Dolgencorp of Tex.,
288 S.W.3d at 927 (reason for declining to follow Carpenter was that nonmovant did not realize
mistake before judgment); Wheeler, 157 S.W.3d at 442 (stated reason for holding Carpenter
inapplicable was that nonmovant, acting pro se, did not realize need to seek to withdraw deemed
admissions prior to summary judgment hearing).